## THEO. HAMM BREWING CO. v. FOSS, *et al.*

Laws 1897, c. 72, § 1, fixes the license fees for selling brewed or malt liquors at wholesale at $600 per annum, to be paid in each town and city in which the wholesaler has or operates a warehouse or depository. Section 23 provides that no license to sell at retail shall issue

. in any city or town unless the question, "Shall intoxicating liquors be sold at retail?" be annually submitted to the voters, and a majority is in favor of such sale. By Laws 1901, c. 141, § 1, Laws 1897, c. 72, § 1, was amended, so that the annual license fee for the sale of brewed or malt liquors at wholesale was reduced to $150, and provided that no wholesale house should be established nor license granted in any town or city that did not grant license to retail liquor dealers. Plaintiff claimed that the restriction of wholesalers to places that grant a license to retailers was not germane to the subject of the amendment, but related exclusively to such section 23, and, as the latter section was not mentioned in the title, the amendatory act was unconstitutional, as embracing more than one subject. Held, that section 23, Laws 1897, c. 72, being in no manner affected by Laws 1901, c. 141, the latter act was valid.

(Opinion filed Aug. 13, 1902.)

Appeal from circuit court, Turner county. Hon. E. G. SMITH, Judge.

Application by the Theo. Hamm Brewing Company against Benjamin C. Foss and others for mandamus to compel defendants to issue to plaintiff a wholesale license for the maintenance of a warehouse for the sale of malt and brewed liquors. From a judgment for defendants, plaintiff appeals. Affirmed.

*Jones & Jones,* for appellant.

*J. W. Edmunds,* State Atty., *W. Y. Quigley,* and *Aikens & Judge,* for respondents.

FULLER, J. This appeal is from a judgment dismissing, on its merits, an application for a peremptory mandamus, requiring respondents, as county officials, to issue a wholesaler's license to appellant for the maintenance of a warehouse or depository for the sale of malt and brewed liquors in the city of Parker. The constitutionality of the statute prohibiting the granting of such license in communities where it is unlawful

to sell intoxicating liquors at retail is the only question to be determined.    Chapter 72 of the Laws of 1897 is "An act to provide for the licensing, restriction and regulation of the business of the manufacture and sale of spirituous and intoxicating liquors," and section 1, among other things, provides "that in all townships, precincts, towns and cities of this state there shall be annually paid the following license upon the business * * * of selling brewed or malt liquors at wholesale, six hundred dollars ($600) per annum, said license to be paid in each township, precinct, town or city in which said wholesaler has or operates a warehouse or depository."    Section 23 of the act relates exclusively to the granting of a license to sell intoxicating liquors at retail within the corporate limits of the various cities, towns, and townships of the state, and requires in each case, as a positive condition precedent, that the question "Shall intoxicating liquors be sold at retail?" be annually submitted to the voters of such municipal corporation, and, unless the majority is in favor of such sale, no license can be granted.    By an amendatory act (section 1, c. 141, Laws 1901) the annual license to maintain a warehouse or depository and for the sale of brewed or malt liquors at wholesale is reduced from $600 to $150, and it is further provided that no wholesale house shall be established nor license granted "in any town, city or township that has not, or does not grant license to retail liquor dealers."    In appellant't petition it is stated, and by the answer of respondents expressly admitted, "that said Parker is a city incorporated under the general laws of the state of South Dakota; that at its annual election on the 16th day of April, 1901, it voted, pursuant to law, * * * upon the question 'Shall intoxicating liquors be sold at retail? in which

said city a majority of the votes cast upon that question were against said sale." Legislative discretion to prohibit entirely, or, by means of local option, direct, when, where, and under what circumstances intoxicating liquors may be sold, is a matter so clearly within the exercise of inherent police power that the proposition is open to question no longer. The uniformity, as to the operation of statutes, required by the constitution is that their operation shall be the same in all parts of the state, under the same circumstances and conditions. Certainly the legislature has authority to let the qualified electors of a community determine by popular vote whether or not a license to sell intoxicating liquors shall be granted, and the right has been so uniformly upheld that citation of supporting authority is useless. For the reason that licensed wholesale houses or depositories for the sale of intoxicating liquors of every kind could be maintained in any town, city, or township of this state, without regard to the will of the majority expressed by a vote, as required in section 23. c. 72, Laws 1897, the contention is that the restriction of wholesalers to places that grant a license to retailers is a matter not germane to section 1, c. 141, Laws 1901, but relates exclusively to section 23 of the 1897 liquor law, providing for a retail license; and, as such section is not mentioned in the title of the amendatory act, the same is said to be repugnant to the constitutional provision that "no law shall embrace more than one subject, which shall be expressed in its title." By the amendment complained of, the wholesaler's license, provided for by section 1, c. 72, Laws 1897, is rendered less burdensome to the dealer, and communities having answered in the negative the question "Shall intoxicating liquors be sold at retail?" are relieved entirely of

the annoyance incident to the liquor traffic, either at wholesale or retail. The act assailed expressly provides "that section 1 of chapter 72 of the Session Laws of 1897 be and the same is hereby amended so as to read as follows," and section 23 of such chapter, though incidentally referred to, is not modified, even by implication. As the contingency upon which the wholesaler's license was made to depend comes clearly within legislative authority, and the granting or withholding thereof is a matter germane to the single subject expressed in the title of the act, there is nothing in the claim that the amendment is unconstitutional.

It follows that appellant is entitled to no relief, and the judgment of the circuit court dismissing the proceeding and for the costs in favor of respondents is affirmed.