# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT

## OF THE

# State of South Dakota

STATE ex rel. CROTHERS et al. v. BARBER et al., TOWN OF HET-
LAND TRUSTEES.

1. Laws 1897, p. 214, c. 72, § 23, constituting Rev. Pol. Code, § 2856, as
amended by Laws 1903, p. 191, c. 166, relating to the sale of intoxicating
liquors, provides that the question of granting permits to sell at retail
shall be submitted on petition at the annual municipal election held in
any township, town, or city, and, if a majority vote in favor thereof, the
corporate authorities shall grant permits "for the ensuing year." Held,
that this required the annual submission of the question, and limited
the power to grant permits to the ensuing year after an election favor-
ing the same, unless authorized by an election for the following year.

2. Construing such section thus does not make the law of 1897, p. 203, c. 72,
a prohibition law instead of a license law, and therefore unconstitution-
al because the term "prohibition" is not used in its title.

3. The law is not unconstitutional as delegating power to local communi-
ties to prohibit or authorize such sale, as the law is uniform in its oper-
ation throughout the state, applies to all persons, and does not leave
the question of prohibition to towns and cities, as it does prohibit the
sale unless the conditions are complied with.

(Opinion filed December 21, 1904.)

Appeal from circuit court, Kingsbury county; Hon.
CHARLES S. WHITING, Judge.

Prohibition by the state, on the relation of P. R. Crothers
and another, against L. W. Barber and others, trustees of the
town of Hetland, in Kingsbury county. From a judgment
awarding the writ, defendants appeal. Affirmed.

*Taubman & Williamson,* for appellants.

*Warren & Warren (Aubrey Lawrence,* of counsel), for re-
spondents.

CORSON, P. J.    This is an appeal from a judgment award-
ing a writ of prohibition against defendants, as trustees of the
incorporated town of Hetland.    The facts found by the court,
upon which the writ of prohibition was based, are in substance
as follows:    That relators were residents, taxpayers and le-
gal voters of the town of Hetland, and that said town was duly
incorporated; that the defendants constituted the duly elected,
qualified, and acting board of trustees of said town; that appli-
cations were made by various persons, in due form of law, for
permits to sell intoxicating liquors in said town during the
year commencing July 1, 1904, and ending July 30, 1905, which
applications were filed with the clerk; and the board of trus-
tees set a day for hearing said applications, and directed notice
thereof to be published, which was duly published; that the
question of granting permits or of receiving license for the
sale of intoxicating liquors was not submitted to the legal vot-
ers of said town at the annual municipal election held therein
for the year 1904; that the question of sale of
intoxicating liquors at retail in said town was
submitted to the legal voters thereof at the annual

municipal election held therein for the year 1903, and that a majority of the legal voters at said election voted in favor of the sale of intoxicating liquors at retail in said town, and that since said vote no other vote has been had on said subject in said town; that no application was ever made, and no petition ever filed, requesting that said question be submitted to a vote at the annual municipal election held therein for 1904; and that the board intended to issue permits to the applicants, should they on the said hearing deem them fit and proper persons.

It is urged by the respondents, in support of the judgment of the circuit court and the writ of prohibition issued by it, that inasmuch as the electors of the incorporated town of Hetland had not voted at the annual municipal election of 1904 to license the sale of intoxicating liquors, the board of trustees had no authority to grant permits to parties to sell during the ensuing year commencing July 1, 1904; that chapter 72, p. 203, Laws 1897, being sections 2834-2860 of the Revised Political Code, was in effect a prohibition act, and prohibited the sale of intoxicating liquors in all incorporated cities and towns unless the same was authorized by a vote of the electors of such town or city at each annual election, and that when such a vote was had, authorizing the sale of intoxicating liquors, power to grant permits authorizing the sale was limited to the one year succeeding the taking of such vote; that at the end of such year no further permits could be granted by the board of trustees unless the same was authorized by an affirmative vote at the preceding annual municipal election; and that as no such vote was had at the municipal election for the town of Hetland, for the year 1904, the board, in proceeding to grant such permits, was exceeding its authority, and the court was therefore

4     State *ex rel.* Crothers *et al. v.* Barber *et al.*

right in issuing its writ of prohibition restraining the board from granting such permits.

It is contended, however, by the appellants, that the act in question constitutes a license law with local option provisions, and that the legal voters of the incorporated · town of Hetland having voted, at its municipal election in 1903, ·in· favor of the granting of permits for the sale of intoxicating liquors, the board was authorized, under such vote, to· continue · to grant permits until the electors of the town by · an affirmative vote decided that no permits should be granted; in other words, that, when the board was authorized to· grant permits, ·that authority continued until the electors by an affirmative· vote withdrew that authority from the board.

The determination of this question involves· the construction of section 23, c. 72, p. 214, Laws 1897, constituting section 2856 of the Revised Political Code as amended by chapter 166, p. 191, Laws 1903. The part of the section material to the question now before us reads as follows: · "At the annual municipal election held in any township, town or city in this state for general municipal· purposes, the question of· granting permits to sell intoxicating liquors at retail within the corporate limits of such township, town or city shall be submitted to the legal voters thereof upon petition signed by (25) legal freeholder voters of such township, town or city, to be filed with the clerk or auditor of such township, town or city, thirty days before election, which petition shall state that a. vote is desired upon such question   *   * · *   and if a majority of. the voters of such township, town or city shall vote· in. favor of such sale of intoxicating liquors at retail the corporate authorities thereof shall grant permits for .such sale. for the ;ensuing

year in accordance with the provisions of this act, but if a majority of the voters shall vote against such sale, no such permits shall be granted."

In order to properly determine the intention of the Legislature in enacting this section, it may be proper to review the policy of the electors of this state and former territory upon the subject of the sale of intoxicating liquors, of which the court will take judicial notice. During its territorial days the state, then territory, adopted the license system, incorporating therein local option provisions which authorized the electors of any county to prohibit the sale of intoxicating liquors in such county by an affirmative vote. Sections 2227-2232, inclusive, Comp. Laws 1887. Subsequently, upon the admission of the state and the adoption of the Constitution, a provision was inserted in the Constitution prohibiting the manufacture and sale of intoxicating liquors. This constitutional provision remained in force until 1897, when the electors seem to have readopted the license system with the local option provision, in effect prohibiting the permits for the sale of intoxicating liquors in towns and cities wherein no affirmative vote of the electors of such town or city had been had authorizing such permits.

It will be noticed that the section we are considering provides that "if a majority of the voters of such township, town or city shall vote in favor of such sale of intoxicationg liquors at retail the corporate authorities thereof shall grant permits for such sale for the ensuing year in accordance with the provisions of this act; but if a majority of such voters shall vote against such sale no such permits shall be granted."

It will be observed that the act of 1897 changed the license

law in force in 1887 by requiring an affirmative vote of the electors to be had at each annual election authorizing the authorities to grant permits, instead of, as in the former act, empowering the authorities to grant permits unless there had been an affirmative vote prohibiting the granting of the same. This construction of the section we are considering clearly gives effect to the intention of the lawmaking power as evidenced by the proviso to section 23 as it was originally adopted. This proviso reads as follows: "Provided, that for the purpose of determining whether intoxicating liquors shall be sold at retail in any town, township or city in this state between the time when this act shall take effect and the next municipal election thereafter, when application sha'l be made in the manner provided in this act for the sale of intoxicating liquors at retail a special election shall be called by the city clerk or auditor of the city, or the town or township clerk of the township or town, to be held not less than twenty (20) nor more than thirty (30) days after application shall be made for a permit to sell such liquors as aforesaid, which election shall be held in conformity to the provisions of this section, and if at such special election a majority of the voters shall vote for such sale of intoxicating liquors at retail, permits shall be granted by the corporate authorities in accordance with the provisions of this act, but if a majority of such voters shall vote against such sale no permits shall be granted."

It will be observed that it is provided that, for the purpose of determining whether intoxicating liquors should be sold at retail between the time when the act should take effect and the next municipal election thereafter, a special election should be called. If the contention of the appellants is cor-

STATE ex rel. CROTHERS et al. v. BARBER et al.    7

Dec., 1904]        Opinion of the Court—CORSON, P. J.

rect, then this provision was entirely unnecessary and useless, for under their theory the authorities would have been authorized to grant permits after the law took effect, until restrained from so doing by an affirmative vote prohibiting them from granting the same. By this proviso, therefore, it was evidently the intention of the Legislature, in passing the law, that no permits should be granted until an election was held, and the officers, by an affirmative vote, were authorized to grant the same.

Of course, this proviso was not carried into the Revised Code, for the reason that it was applicable only to the time intervening between the taking effect of the law—March 3, 1897 —and the ensuing municipal election. If there was any doubt, therefore, as to the construction to be given section 23 as it now stands, that doubt is removed by this proviso, and the construction contended for by the respondents, therefore, is not only sustained by the language of the section itself, but is made perfectly clear by the proviso. It necessarily follows that the construction of the section contended for by the respondents is the correct one, and that the authorities of Hetland had no power to grant the permits applied for in this case at the time they were proposing to grant the same, for the reason that the court found that the electors of that town did not, by an affirmative vote at their annual election in the spring of 1904, authorize such permits to be granted.

The contention of appellants, therefore, that, when an affirmative vote has once been had the town board is authorized to continue to grant permits until a contrary affirmative vote is had, is not tenable. The view here expressed is in accord with the views of this court in the case of Hamm Brewing

Co. v. Foss, 16 S. D. 162, 91 N. W. 584, in which this court said: . "Section 23 of the act relates exclusively to the granting of a license to sell intoxicating liquors at retail within the corporate limits of the various cities, towns, and townships of the state, and requires in each case, as a positive condition prece-, dent, that the question, 'Shall intoxicating liquors be sold' at retail?' be annually submitted to the voters of such municipal corporation, and unless the majority is in favor of such sale, no license can be granted."

It is contended by the appellants that the construction of section 23 was not required in that case, and that, therefore, . that part of the opinion must be considered as dicta and not binding upon the court.  Possibly the case might have been decided without giving a construction to this section, but, upon a review of the question, we are of the opinion that the construction given to the section in that case was clearly correct.

It is further contended by the appellants that the construction of the section contended for by the respondents has the effect of making the law of 1897 a prohibition law instead of a license law, and that the term "prohibition" is not used in the title to the act, and the act is therefore unconstitutional; but this contention is not tenable, for the reason that all license laws are in effect prohibitive, in that parties are required to comply with the conditions imposed by the law, and pay the license fee, before they can legally acquire a permit to engage in the business to be licensed, and all parties who fail to comply with these conditions are in effect prohibited from engaging in the same.  And such, in fact, is the effect of our present license law.  Until the officers are authorized to grant the permits by an affirmative vote of the electors at their annual election, and

the applicant procures the requisite number of signatures of electors to a petition requesting that such permits be granted, executes and files the prescribed bond, and the applicant is found to be a suitable person to engage in the business of selling intoxicating liquors, he is not authorized to engage in the business.    All these requirements constitute conditions precedent, and must be complied with to authorize the party to obtain a permit.    Certain other conditions are required to be complied with in the conduct of the business, not now necessary to be noticed.

It is further contended by appellants that, under the construction of the act contended for by the respondents, it is unconstitutional, in that it delegates the power to local communities to prohibit or authorize the sale of intoxicating liquors. But this contention is not tenable, for the reason that the law in controversy is uniform in its operation throughout the state, applies to all persons, and does not leave the question of prohibiting the sale of intoxicating liquors to the towns and cities, as the law itself does prohibit the sale unless the required conditions are complied with. Laws licensing and restricting the sale of intoxicating liquors are quite generally held to be within the police powers of the state, and the Legislature is authorized to exercise the power in such manner, and permit the sale upon such terms and conditions, as it may deem proper. Mr. Black, in his work on Intoxicating Liquors, in speaking on this subject says:    "A 'local option' law is a law framed for the purpose of prohibiting, or severely restricting, the sale of intoxicating liquors, under penalties, and containing a provision that the several counties, townships, or other divisions of the state may hold elections to determine by popular vote

whether they desire the law to be in force in their limits, and with a further provision that in each case where such election results in favor of the adoption of the law it shall take effect in the district so voting, but that each district rejecting it shall continue to be governed in this respect by the existing laws. * * * But the overwhelming preponderance of authority is to the effect that such a statute, if it is a complete enactment in itself, requiring nothing further to give it validity, and depending upon the popular vote for nothing but a determination of the territorial limits of its operation, is a valid and constitutional exertion of the legislative power." Black on Intoxicating Liquors, § 45. In section 46, that learned author further says: "In the exercise of its undoubted power to regulate the traffic in intoxicating liquors, the Legislature of a state may lawfully provide a system for the granting of licenses to sell at retail, and may impose such restrictions and conditions upon the granting of such licenses, and as to the qualifications necessary to secure them, and may provide such causes for the forfeiture and revocation of licenses, as it may deem necessary and proper 'If the state has power to prohibit, it certainly has the power to regulate the traffic by determining who and what character of persons shall be licensed to deal in the article. * * * Having full and complete control over the subject, as an article of internal commerce, the state can prescribe what conditions it may think proper upon which licenses can be obtained. It becomes simply a question of degree of prohibition.' " The author cites a very large number of authorities in support of the text, including the following: Crowley v. Christensen, 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620; People v. Meyers, 95 N. Y. 223; Com. v. Dean,

110 Mass. 357; State v. Wilcox, 42 Conn. 364, 19 Am. Rep. 536; Paul v. Gloucester County, 50 N. J. Law 585, 15 Atl. 272, 1 L. R. A. 86; Anderson y. Com., 13 Bush. 485; Feek v. Bloomingdale, 82 Mich. 393, 47 N. W. 37, 10 L. R. A. 69; Territory v. O'Connor, 5 Dak. 397, 41 N. W. 746, 3 L. R. A. 355; Ex parte Lynn, 19 Tex. App. 293; State v. Parker, 26 Vt. 357.

These conclusions lead to the affirmance of the judgment of the circuit court granting the writ of prohibition, and the same is affirmed.