## STATE v. McILVENNA.

A preliminary complaint before a justice charging that, on a specified date in L. county, defendant unlawfully engaged in the business of selling and keeping for sale spirituous, intoxicating liquors at retail, "without first having procured a license therefor in the manner and as provided by law," such liquors not being then and there proprietary patent medicines, was sufficient for a preliminary examination at which accused might be discharged or held for any offense shown by the evidence.

Rev. Pol. Code, § 2856, as originally enacted, prohibited the granting of a license for the sale of liquors within the corporate limits of any city, town, or township of the state, unless authorized by a majority of the legal voters at each annual election, etc., but that nothing therein contained should apply to any precinct within which there was no incorporated town or city, authorizing licenses to be issued for sale in such districts by the county. This section was amended by Laws 1903, by re-enacting it without the part authorizing a sale in precincts not within the corporate limits of cities, towns, or townships, and providing that all provisions of the section not repeated in the amendment were repealed. **Held,** that the section as amended prohibited the sale of liquor outside cities, towns, and townships, and that no license could thereafter be validly issued by a county to sell liquor in such prohibition localities.

Under Rev. Pol. Code, § 2856, as amended by Laws 1903, p. 191, c. 166, impliedly prohibiting the sale of intoxicating liquors in districts outside incorporated cities, towns, and townships, an information charging that defendant engaged in the business of selling and offering for sale on a specified date intoxicating liquors at retail in the unincorporated town of R. in the county of L., etc., sufficiently charged an offense under such statute.

(Opinion filed, November 20, 1907.)

Error to Circuit Court, Lyman County.    Hon. FRANK B. SMITH, Judge.

J. T. McIlvenna was convicted of wrongful sale of intoxicating liquors, and he brings error.    Affirmed.

*J. G. Bertine* and *French & Orvis* (*S. M. Howard, of counsel*), for plaintiff in error.    *S. W. Clark, Atty. Gen..,* and *William Williamson, State's Atty.,* for the State.

FULLER, P. J.    On the 13th day of August, 1906, complaint under oath was made before a Lyman county justice of the peace, charging "that on the 4th day of August, A. D. 1906, in the county of Lyman and state of South Dakota, J. T. McIlvenna then and there willfully and unlawfully did engage in the business of selling and offereing for sale spirituous, vinous, malt, brewed, fermented and other intoxicating liquors at retail, without first having procured a license therefor in the manner and as provided by law, the said liquors not being then and there proprietary patent medicines."    By overruling a demurrer presenting the question, the justice decided that facts sufficient to constitute a public offense were stated in the complaint, and at the conclusion of the examination held the defendant to answer for the offense charged. While the averment that the accused at a stated time and place unlawfully engaged in the prohibited business of selling and offering for sale intoxicating liquors "without first having procured a license therefor in the manner and as provided by law" does not conform to well-recognized rules of criminal pleading under which the trial usually proceeds and final judgment is rendered, the complaint is considered sufficient for every purpose of a preliminary examination at which the accused may be discharged, or held for the offense described in the complaint or any other offense shown by the evidence.

Knowledge of the law is not a qualification exacted of a justice of the peace authorized to thus take the initiative step in a criminal proceeding, and it would render an important function of such magistrates ineffectual and tend to defeat the object of our system of criminal jurisprudence to require the degree of technical accuracy prevailing in a court of record having jurisdiction to hear and finally determine any criminal case.    Omitting

formal averments, the offense charged in the complaint is alleged in the information filed by the state's attorney in the circuit court as follows: That J. T. McIlvenna, late of said county, on the 4th day of August, in the year of our Lord one thousand nine hundred and six, in the town of Reliance, in the county of Lyman, and state of South Dakota, aforesaid, then and there willfully and unlawfully did engage in the business of selling and offering for sale, spirituous, vinous, malt, brewed, fermented, and other intoxicating liquors at retail, which said liquors were not then and there proprietary medicines, without first having procured a license therefor, in the manner and as provided by law; that no election ever was held in said town, township, precinct, or county, authorizing, by an affirmative vote, any officer or board to grant a license to sell intoxicating liquors therein." The demurrer to this information was properly overruled, if the following stipulated facts are sufficient to show a violation of our statute regulating the sale of intoxicating liquors at retail: "(1) That the town of Reliance is an unincorporated town in Lyman county, state of South Dakota, having no municipal government, and not within the limits of any organized civil township or precinct. (2) That the defendant, J. T. McIlvenna, on the 8th day of June, 1906, made and filed with the county auditor of Lyman county, state of South Dakota, a statement in writing, on oath, showing his name and residence, and that he proposed to carry on the business of selling intoxicating liquors at retail, in the town of Reliance, in said county and state, from and including the 1st day of July, 1906, to and including the 30th day of June, 1907, and on the 3d day of July, 1906, paid to the county treasurer of said county the sum of $400 as license under the provisions of the law of this state relating to intoxicating liquors, and received from said county treasurer a receipt for the money so paid, stating the facts required by section 2837 of the Revised Political Code of this state, and also received a notice printed on full size printer's cardboard, containing a statement of the facts, and matters required by section 2837 of the Revised Political Code relating to intoxicating liquors. (3) That the defendant, J. T. McIlvenna, on or about the 3d day of July, 1906, made, executed, and delivered to

the county treasurer of said Lyman county a bond as required by section 2839 of the laws of this state relating to intoxicating liquors, which bond was on the 3d day of July, 1906, approved by the board of county commissioners of said county. (4) That thereafter, and on or about the 5th day of July, 1906, the defendant, J. T. McIlvenna, posted said notice and receipt in a conspicuous place in the room in said town of Reliance where the sale of the liquors for which said license was paid is carried on, and since said time he has been engaged in said place in the business of selling intoxicating liquors at retail. (5) That no municipal election has ever been held in the town of Reliance, and the question of granting permits or of receiving license for the sale of intoxicating liquors in said town of Reliance has never been submitted to the legal voters of said town, or of any township, precinct or county."

Our statute absolutely prohibits the granting of a license and the sale of intoxicating liquors, as conducted by plaintiff in error, within the corporate limits of every city, town, or township of this state, unless authorized by a majority of the legal voters at each annual municipal election held therein, and at which the question "Shall intoxicating liquors be sold at retail?" was submitted upon the petition of 25 qualified electors. Theo. Hamm Brewing Co. v. Foss, et al, 16 S. D. 162, 91 N. W. 584; State ex rel. Crothers et al. v. Barber et al., 19 S. D. 1, 101 N. W. 1078. Section 2856 as originally enacted into the Revised Political Code excepted unorganized territory from the operation of these conditions precedent, by expressly providing "that nothing in this section shall apply to any precinct within which there is not any incorporated town or city and where license is granted therein the same shall be issued by the county wherein said precinct is located." To make more stringent the initiatory step to obtain a permit to sell intoxicating liquors at retail within the organized political subdivisions above named, the Legislature of 1903 amended section 2856 (Laws 1903, p. 191, c. 166) by requiring the 25 signers of the petition to be "legal free holder voters of such township, town or city," and for the betterment of the inhabitants of sparsely settled localities the provision by which the authorities of the county

were authorized to issue a license in precincts that had not been incorporated was wholly abrogated, and all acts and parts of acts in conflict therewith expressly repealed. As this act provides that section 2856 of the Revised Political Code shall be amended "so as to read as follows," all provisions of that section not repeated in the amendment were thereby repealed and of no effect whatever. Black on Interpertation of Laws, 133.

The difference in social relations and police conditions existing between incorporated cities, towns, and townships and territory that has no such organization suggests the mischief produced by excepting unorganized precincts from the operation of a statute which absolutely prohibits the retail sale of intoxicating liquors until the traffic has been sanctioned in the manner specified and by a majority of the legal voters at the annual municipal election. It is therefore quite apparent that the purpose of the amendment to section 2856 was to obviate the hardship thus inflicted upon the people of this state not favored with the powers of local government. Strict compliance with all the requirements of the statute as thus amended is vitally essential to the granting of a license to sell intoxicating liquors at retail, for the reason that section 2834, still in full force, expressly provides "that no retail or wholesale license shall be issued except in accordance with the provisions of section 2856." The limitation placed upon the common-law right to engage in the liquor traffic prohibits every person who has not first obtained a license from engaging in the sale of intoxicating liquors at retail anywhere within the boundaries of this state, and no valid license can be issued under any circumstances, except in accordance with the prevision which requires the question to be first submitted upon petition at the annual municipal election and answered in the affirmative by a majority of the qualified voters.

A general statute making it unlawful to retail intoxicating liquors without a license, but silent as to navigable waters, was construed to be an absolute prohibitory law as to the right to sell on boats plying the Ohio river within the jurisdiction of the state of Indiana. Welsh v. State, 126 Ind. 71, 25 N. E. 883, 9 L. R. A. 664. So the fact that there was no officer or tribunal in St.

Louis authorized to grant a saloon license was held to be no defense to a prosecution for selling intoxicating liquors at retail in that city in violation of the Missouri license law. State v. McNeary, 88 Mo. 143. Differing only in degree of restrictiveness all license laws are more or less of a prohibitory nature and the Legislature of this state has made it a public offense to sell without license, and, by rendering the procurement of a license in unorganized territory impossible, has established absolute prohibition in such localities. Though somewhat faulty in diction, the information is sufficiently clear as to the offense described to enable a person of common understanding to know what the pleader intended, and that plaintiff in error is charged therein with the unlawful act of engaging in the business of selling and offering for sale on the 4th day of August, 1906, intoxicating liquors at retail in the unincorporated town of Reliance, in the county of Layman, and state of South Dakota. It follows that the license improvidently issued by the county official in violation of the statute is void, and therefore furnishes no protection to plaintiff in error.

The judgment of the trial court is affirmed.

CORSON, J., not sitting.