## STATE v. MUDIE.

Rev. Pol. Code, § 2834, requires every person engaged in selling
liquors to annually pay certain sums for license.   Section 2837 re-
quires the county treasurer to deliver to the person making the pay-
ment a receipt and notice which shall be at all times displayed in
the room where the business is carried on.   Section 2839 requires
a bond of the liiquor seller.   Section 2838 makes it a misdmeanor
to engage in business requiring a license under section 2834 with-
out having paid the license, and without having the receipt and notice
posted up, and provides that each violation of any provision of the
article shall be construed to be a separate and complete offense. Held,
that an indictment charging defendant with engaging in selling liq-
uors without having paid the required license, and without having
the receipt and notice posted, charges only one offense within Rev.
Code Cr. Proc. § 224, providing that an indictment must charge but
one offense, and section 272, making it a ground of demurrer where
more than one offense was charged.

Where there is in the same statute a particular enactment and
a general one including what is embraced in the former, the particu-
lar enactment is operative, and the general enactment affects only
cases not within the particular enactment.

An indictment charging defendant with engaging in selling liq-
uors without a license need not show whether a license could have

been obtained where the selling was done; the sale without the license being illegal in any event.

Rev. Civ. Code, § 415, designates the owners of shares in a corporation with a capital stock as stockholders, and the corporators of a corporation having no capital stock and their successors as members. Section 742 provides that the private property of the members of benevolent corporations are not liable for corporate debts, unless it is so provided in the articles of incorporation. Sections 740 and 411 make persons signing articles of association and their associates and successors on complying with the statute a body corporate. Section 182 provides that ownership is the right to possess and use to the exclusion of others. **Held,** that an incorporated commercial club, whose articles of association provided that its members should not be liable for corporate debts, and not its members, was the owner of liquors kept to be furnished the members in exchange for checks for which they paid.

Rev. Pen. Code, § 822, provides that the word "person" includes corporations. Rev. Civ. Code, § 1299, provides that sale is a contract by which, for a pecuniary consideration called a "price," one transfers to another an interest in property. **Held,** that the exchange of liquors by an incorporated commercial club to its members for checks sold to them violated Rev. Pol. Code, §§ 2834, 2835, 2838, 2852, making the sale of liquor in quantities less than five gallons by any person, whether as owner, clerk, agent, servant, or employe, a misdemeanor.

its members for checks sold to them violated Rev. Pol. Code, §§ 2834, 2835, 2838, 2852, making the sale of  liquor in quantities less than five gallons by any person, whether as owner, clerk, agent, servant, or employee, a misdemeanor.

(Opinion filed, February 5, 1908.)

Error to Circuit Court, Turner County. Hon. F G. SMITH, Judge.

E. Mudie was convicted of engaging in the business of selling intoxicating liquors without a license, and brings error. Affirmed.

*French & Orvis,* for plaintiff in error.

This indictment was drawn under section 2838 of the Political Code which provides: "If any person or persons shall engage, or be engaged in any business requiring the payment of license, under section 2834 without having paid in full the license required by this article, and without having the receipt and notice for such license posted, as required by this article, or shall in any manner violate any of the provisions of this article. * * *" One of the provisions of the article is the engaging in the business of selling intoxicating  liquors, without a license; the other is

engaging in said business without posting the notice as required, etc. The statute provides that a violation of any of the provisions shall constitute the offense. There are clearly two offenses stated in this indictment. The question of joining different offenses by the word "and" does not apply under the wording of this indictment, and the law as above stated. The defendant in this case, then, was the manager of this club, carried on bona fide as a club under its articles of incorporation and by-laws. By these each member paid an entrance fee, and yearly dues, both payable in advance. It's membership was limited. Directors were appointed. There was a committee of management, and the general manager, the defendant, conducted the general business of the club, received all moneys and was required to account to the club for all moneys thus received. There was no intent to make any profit in any way from the disposition of the liquors or other refreshments kept by the club. There was no capital stock. The manager procured the refreshments, including the liquors claimed to have been sold, and sold to the members coupons, each coupon being of the value of five cents. This, then, would vest the property of the club in the membership of the club. Nothing could be sold to persons other than members of the club. Whatever was furnished or delivered was paid by the coupons above referred to. Members could not join except upon written application, which must be passed upon by a majority of the board of directors, and any two of said board objecting was sufficient to reject the candidate. The facts claimed by the state as constituting the offense, were the furnishing to certain members of the club, at different times bottles of beer, for which the members, at the time, delivered coupons to the manager of the club. These facts are wholly insufficient to constitute the offense set out in the indictment. Black of Intoxicating Liquors, Sec. 142; People v. Adelphia Club, 31 L. R. A. 510; Graff v. Evans, L. R. 8 Q. B. Div. 373; Bell v. St. Louis Club, 26 L. R. A. 573; Klien v. Livingston Club, 34 L. R. A. 94; Com. Pomphret, 137 Mass. 564; Com. v. Smith, 102 Mass. 144

*S. W Clark*, Atty. Gen. *L. L. Fleeger,* State's Atty. for State.

When an offense against a criminal statute may be committed in one or more of several ways, the indictment may, in a single

count, charge its commission in any or all the ways specified in the statute So when a penal statute mentions several acts disjunctively and prescribes that each shall constitute the same offense and be subject to the same punishment, an indictment may charge any or all of such acts conjunctively as constituting a *single offense.* Bishop on Criminal Procedure, Vol. 1, Sec. 436; State v. Donald.on, 12 S. D. 259; Boldt v. State, *72* Wis. 7; Clifford v. State 29 Wis. 327; State v. Kerr, 3 N. D. 523; People v. Clark, 105 Mich. 169; State v. Feuerhaken, 96 Ia. 299; State v. Phipps, 15 Ia. 491, Sec. 2835 of the Rev. Pol. Code, 1903, defines retail dealers. It does not say that a retail dealer is any person who sells liquors by the drink, etc. to any person *excep. a member of the Club to which the dealer belongs,* but it says: "Retail dealers of spiritous or intoxicating liquors, and brewed malt or fermented liquors, shall be held and deemed to include all persons who sell such liquors by the drink or by the bottle, or in an manner in quantities of less than five gallons at any one time *to any person or persons."* Several of the states which have intoxicating liquor laws similar to the intoxicating liquor laws of this state have passed upon this question and have held that the manager of such a club as the Centerville Commercial Club, and under exactly similar circumstances as the case at bar, violated the law relative to the sale of liquors at retail without a license. State v. Neis, 12 L. R. A. 412; People v Andrews, 115 N. Y. 427; State v. Mercer, 32 Ia. 405; Martin v. State, 59 Ala. 34; Com. v. Ewig, 145 Mass. 121; Marmont v. State, 45 Ind. 21; Rickart v. People, 79 Ill. 85; Chespeake Club v. State, 63 Md. 446. The fact that it was impossible at the time of the sale for the party selling to obtain a license is no defense to a prosecution for selling intoxicating liquors *without a license.* It is not a defense that no license could legally be granted at the place where the sale was made. Am. & Eng. Ency. of Law (2d Ed ) Vol 17, p. 329; Welsh v. State, 129 Ind. 71; State v. Kantler, 33 Minn, 69 State. v. Funk, 27 Minn. 318.

HANEY, P. J. Having been convicted of engaging in the business of selling intoxicating liquors without a license, defendant brought the record of such conviction to this court for review by writ of error.

It is contended that the court erred in not sustaining a de-

murrer to the indictment, on the ground that more than one of-
fense is charged.    In this state an indictment or information
"must charge but one offense."   Rev. Code Cr. Proc. § 224.   The
defendant may demur to the indictment or information, when it
appears upon the face thereof "that more than one offense is
charged."   Id. 272.   Section 2834, Rev. Pol. Code, requires every
person engaged in the business of selling intoxicating liquors
at retail or wholesale to annually pay certain specified sums for
license to conduct such business.   Section 2837 provides that the
county treasurer on receiving the required amount shall deliver to
the person paying the same a receipt and notice, which shall be
posted up and at all times displayed in a conspicuous place in
the room where the business for which the license was paid is
carried on.   Section 2839 requires the execution of a bond, the
sufficiency of which is to be determined by the board of county
commissioners.   Section 2838 contains the following provisions:
"If any person or persons shall engage or be engaged in any
business requiring the payment of license under section 2834,
without having paid in full the license required by this article,
and without having the receipt and notice for such license posted
up as required by this article, or without having made, exe-
cuted and delivered the bond required by this article, or shall
in any manner violate any of the provisions of this article, such
person or persons shall be deemed guilty of a misdemeanor.
* * * Each violation of any of the provisions of this article shall be
construed to constitute a separate and complete offense, and for each
violation on the same day or on different days, the person or per-
sons offending shall be liable for the penalties and forfeitures herein
provided and be precluded and debarred from continuing or en-
gaging in any business requiring the payment of a license under
this article as aforesaid.   And it shall be the duty of the sheriffs
marshalls, constables and police officers, to forthwith close all sa-
loons and other places where the business of manufacturing, sell-
ing or keeping for sale any of the liquors mentioned in section
2834 of this article is being conducted upon which business the
license required by section 2834, has not been paid in full and in
which the receipt mentioned in section 2837 of this article shall
not be posted up and displayed."   The indictment, in substance,
charges that the defendant was engaged in the business of sell-
ing intoxicating liquors at retail without having paid the required

license and without having the required receipt and notice posted. Notwithstanding the statute declares that "each violation of any of the provisions" of the article relating to intoxicating liquors "shall be construed to constitute a separate and complete offense," it was not, we apprehend, intended that each act or omission embraced within any expressly defined crime should be regarded as a separate and complete offense. It is an old and familiar rule that where there is in the same statute a particular enactment and also a general one, which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment. 26 Am. & Eng. Ency. 618; Sanford v. King, 19 S. D. 334, 103 N. W. 28. As we understand section 2838, it expressly defines what shall constitute two particular offenses or violations of the statute: (1) Where any person engages in any business requiring the payment of a license under section 2834, without having paid the required license and without having the receipt and notice for such license posted; (2) where any person engages in any such business without having made, executed, and delivered the required bond. It will be observed that the words relating to the license and those relating to the receipt and notice are connected with the conjunctive "and," while the clauses relating to the bond and violations generally are separated from each other and the preceding clauses by the disjunctive "or." No reason is apparent for assuming that the word "and" and "or" were not employed with grammatical accuracy. Necessarily no valid receipt could be posted without the payment of the license, and business cannot be lawfully conducted without the posting of a valid receipt. Payment and posting are therefore naturally and logically made constituent elements of one and the same offense. In other words, the statute requires the posting of a receipt, necessarily involving payment of the license, by everyone who engages in the business of selling intoxicating liquors. It is the omission to comply with this requirement that constitutes the first misdemeanor defined in section 2838, and is the one charged in this case. So the demurrer was properly overruled. The contention that the facts stated in the indictment and agreed statement of facts upon which the action was tried do not constitute a public offense because they do not

show whether a license could have been procured by any one in Centerville, where the business was conducted, is not tenable. The law "prohibits every person who has not first obtained a license from engaging in the sale of intoxicating liquors at retail anywhere within the boundaries of this state." State v. McIlvenna, 21 S. D., 113 N. W. 878. Therefore the reason why defendant had not procured a license was wholly immaterial, and what is not material need never be alleged or proved. Territory v. Pratt, 6 Dak. 483, 493, 43 N. W. 711.

It appears from the agreed statement of facts that defendant was the secretary and treasurer, having general management of the affairs, of a domestic corporation named the Centerville Commercial Club, incorporated June 30, 1906, "to promote and encourage a fraternal, benevolent and charitable spirit among its members, and to foster deeds of charity one towards the other"; that such corporation "was organized and carried on in good faith and for the purposes mentioned and set forth in its articles of incorporation and by-laws"; that it rented two rooms, one being known as the "clubroom," the other as the restaurant, paying therefore a monthly rental of $45; "that said rooms were fitted up with tables, chairs, bar, back bar, and ice box, and said bar contained fixtures, consisting of glasses, bottles, spoons, and other implements used for serving and mixing drinks and intoxicating liquors"; that said rooms were in the basement of a hotel, which was owned by the president of the corporation, leased and conducted by the defendant, and that imediately prior to July 1, 1906, they had been used as a saloon with usual bar fixtures, which remained therein when the corporation took possession; that the by-laws of the corporation limited its membership to persons of good moral character who have attained the age of 21 years, and the resident membership to 500, members to be elected by the board of directors, and required an initiation fee of $1 and $1 as annaual dues payable by each member in advance; "that said corporation kept checks or coupons for sale, and sold them to divers parties for cash; that each coupon was of the value of five cents, and that the money paid for the initiation fee and for the checks and coupons sold was received by the secretary and treasurer and used by him in purchasing supplies for the restaurant and clubroom, and expenses of the club; that among the supplies so purchased and kept by said club was lager beer, whisky, brandy

wines, and other intoxicating liquors; that said coupons could be sold and were sold to no person except members of the club"; that on different days between July 1 and 21, 1906, defendant delivered to certain persons, all members of the corporation, a number of single bottles of lager beer, and received for each five five-cent checks or coupons, each coupon being of the value of five cents; that light luncheons were sometimes served in the restaurant, which were paid for in checks or coupons, but there was no other means of refreshment or recreation than as herein stated contained in the clubrooms; that subsequent to July 1, 1906, neither the corporation, the defendant, or anyone in the employ of either, nor anyone employing either of them, had a retail liquor dealer's license; and that all the intoxicating liquors delivered by defendant during the time stated were either delivered by the drink or by the bottle in quantities less than five gallons. If the fact that this club was organized and carried on in good faith, for the purposes set forth in its articles of incorporation, was not established by the agreed statement, the irresistible inference would be that its incorporation was a mere device to evade the law relating to intoxicating liquors. In view, however, of the express terms of the statement, it must be assumed that it was organized in good faith for a lawful purpose, to which the furnishing of liquors to its members was incidental, and according to some authorities such an organization need not have a license, while according to others a license is required. 23 Cyc. 117. That the authorities seem to be in hopeless conflict on the subject is conceded by counsel for defendant. It would be strange if they were not, as the statutes of the several states are not the same and each case has facts peculiar to itself. In the one at bar the facts, as established by the agreed statement, must be considered according to their legal effect under the statutes of this state. People v. Law and Order Club, 203 Ill. 127, 67 N. E. 855, 62 L. A. R. 884. Every person "whose business in whole or in part consists in selling or keeping for sale in this state" such liquors as were furnished by defendant is required to have a license; and, if he engages in such business without having a license, he is guilty of a misdemeanor. All persons who sell any such liquors by the drink or by the bottle, or in any manner in quantities less than five gallons at any one time, to any person or persons, must be deemed to be retail dealers. Rev. Pol. Code, §§ 2834, 2835, 2838. "All persons engaged in the selling or keeping

for sale of any of the liquors mentioned in this article, whether as owner or as clerk, agent, servant, or employe, shall be equally liable as principal for any violation of the provisions of this article, and any person or principal shall be liable for the acts of his clerk, servant, agent or employe for any violation of the provisions of this article." Id. § 2852. "The word person includes corporations as well as natural persons." Rev. Pen. Code § 822. "Sale is a contract by which for a pecuniary consideration, called a price, one transfers to another an interest in property." Rev. Civ. Code § 1299. "The owners of shares in a corporation which has a capital stock are called stockholders. If a corporation has no capital stock, the corporators and their successors are called members." Id. § 415. The private property of the members of such corporations as the one in this case are not liable for corporate debts, unless it be so provided in the articles of incorporation. Id. § 742. The articles here involved expressly provided that the members shall not be liable for such debts. "As a general rule a corporation is to be regarded as a legal entity, separate and apart from the natural persons composing it." 7 Am. & Eng. Ency. Law, 633. An essential distinction between a corporation and a partnership is that the corporators have no legal interest in the corporate property, while the real and personal estate of the partnership is held by the partners. Id. 635. "Shareholders are not tenants in common or co-owners of the property of the corporation in any sense; but the title thereto rests in the legal entity, called the 'corporation.'" 10 Cyc. 373. The same is true of members of a corporation which has no capital stock, especially when they are not liable for corporate debts. This is conclusively established by the law under which this club was organized, which required that its articles should set forth, among other things, the corporate name by which the corporation was to be known, the amount of property which it might hold, and the disposition to be made of the same in case of its dessolution and by the articles of this club, which set forth that "the amount of property which this corporation may hold shall not exceed the sum of five thousand dollars, and, upon the dissolution of this corporation, the property owned and held by it, after the debts of the same are paid in full, shall be divided among its members as their interests may appear." Having complied with the requirements of the statute, the persons signing the articles and their associates and successors became "a body politic and corpo-

rate by the name and for the purposes stated in said articles."
Rev. Civ. Code §§ 740, 411. Clearly, then, the liquor in these
clubrooms was the property of the corporation, and not the property
of its members. No one would contend for a moment that it could
be seized and sold in satisfaction of an individual debt of one of
the members. "The ownership of a thing is the right of one or
more persons to possess and use it to the exclusion of others." Id.
182. No member of this club had the right to use one bottle
of this beer before the corporation's interest therein had been
transferred to him either through a sale or gift of the same. We
are aware of no rule of law which renders the transfer for a pe-
cuniary consideration by a corporation of property of which it is
the owner to one of its stockholders or members, in the usual
course of business, anything other than a sale. Certainly a stock-
holder or member of a corporation engaged in the retail grocery
business may purchase groceries of such corporation precisely the
same as one who is neither a stockholder nor member. A trans-
action which constitutes a sale in one case will constitute a sale
in the other, and this is as true of intoxicating liquors as it is
of any article of personal property. It would be simply absurd
to say that five five-cent checks or coupons for which one has paid
25 cents in money is not a pecuniary consideration when ac-
cepted in exchange for an agreed quantity of beer or other prop-
erty. No one will seriously contend that a saloon keeper who
gives out checks or coupons for cash, and then accepts such cou-
pons for lager beer, is not engaged in the business of selling in-
toxicating liquors. It follows that the business of this corpora-
tion in part, if not in whole, consisted in selling intoxicating liquors
at retail; that this "legal entity, separate and apart from the natural
persons composing it," this artificial person was engaged in trans-
ferring the entire interest in its own property to certain persons
for a pecuniary consideration; and that such transfers were sales
within the meaning of our statutes, notwithstanding such persons
were members of the corporation. "Retail dealers of * * * in-
toxicating liquors * * * shall be held and deemed to include
all persons who sell any such liquors * * * in any manner,
in quantities of less than five gallons, at any one time, to any per-
son or persons," is the language of the statute. This court has
no authority to modify the plain and unmistakable meaning of this
language by adding thereto the words "who are not members of
the corporation making such sales." This corporation was a
retail dealer in intoxicating liquors. It had no license. Defend-

ant was its agent, and as such agent he was guilty of the crime charged. People v. Soule, 74 Mich. 250, 41 N. W. 908, 2 L. R. A. 494.

The judgment of the circuit court is affirmed.