STATE, Respondent, v. HAYS, Appellant.

(162 N. W. 311.)

(File No. 4019.    Opinion filed April 17, 1917.)

1. **Criminal Law—Evidence—Sale of Liquor—Bottle of Whiskey, Competency of, re Custody of.**

    The mere fact that other employees had access to a key to a lock box in which a bottle of whiskey sold by defendant was being held in custody by deputy sheriff pending trial, was insufficient to deprive the bottle and contents of all evidentiary force; the deputy having identified the bottle, and testified that he put it in the box in the bank of which he was vice-president, and that he frequently went to the lock box, finding the bottle there each time in apparently the same condition, and that it contained whiskey.

2. **Intoxicating Liquors—Sale Without License—Proof of No License, Necessity, Where Prohibition Rules With Local Option License.**

    Since 1897 South Dakota has been a prohibition state with local option licenses; and, prohibition being the rule, license the exception, held, that in prosecution for sale of liquor without license, an instruction that the state need not prove that defendant had no license was proper; the burden of proving licenses being upon defendant.

3. **Same—Unlawful Sale—"Engaging in Business," Single Sale as Evidence of.**

    Pol. Code, Sec. 2835, providing that retail dealers of intoxicating liquors shall include all persons selling such liquors by the drink or bottle, etc., and Sec. 2838, providing that "each violation * * * shall be construed to constitute a complete and separate offense," was intended to make a single sale constitute "engaging in business."

4. **Same—Unlawful Sale—Payment for Medicine Requested, Identity of Whiskey Sold, Denial by Defendant—Sufficiency of Evidence.**

    Evidence that witness asked defendant for medicine and laid a dollar on defendant's leg, while latter was sitting in an auto-

mobile, that they went to defendant's house, and defendant there gave him a pint bottle proven to contain whiskey, defendant having denied giving witness any whiskey, or that witness paid him money, **held**, sufficient to justify verdict of conviction; the question being one of credibility of witnesses.

Appeal from Circuit Court, Brown County. Hon. JAMES McNENNEY, Judge.

.The defendant, L. J. Hays, was convicted of engaging in the business of selling intoxicating liquors at retail without license, and appeals from judgment and order denying new trial. Affirmed.

*W. H. Morgan,* and *L. T. Van Slyke,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *T. F. Auldridge,* for the State.

(1) To point one of the opinion, Respondent cited: 17 Cyc. 292-3, 290; 23 Cyc. 265, note 51; Thompson v. State, 72 Tex. Crim. 6, 160 S. W. 685.

(2) To point two of the opinion, Appellant cited: Mehan v State, 7 Wis. 670; Hepler v. State, 16 N. W. 42.

Respondent cited: Case notes following Bell v. State, 36 L. R. A. (N. S.) and 28 Ann. Cas. 617; 23 Cyc. 247; Woollen and Thornton on Intoxicating Liquors, Sec. 947; Brickwood Sackett Instructions, Sec. 3187, and cases cited.

(3) To point three of the opinion, Appellant cited: Pol. Code, Secs. 2838, 2834, 2835,. 2844, 2860; Comp. Laws (1887), Sec. 2203; Laws 1897, Ch. 72; Laws 1915, Ch. 226; People v. Breidenstein, (Mich.) 31 N. W. 623; State v. Stone, 30 S. D. 31; State v. Miller, (N. D.) 128 N. W. 1034; Thomas v. State, 147 S. W. 262; Robinson v. State, 147 S. W. 245; State v. Valentine, (1895) S. D. 98; State v. Williams, 11 S. D. 64; State v. O'Connor, 49 Me. 594; State v. Nutt, 28 Vt. 602; Com. v. Porter, 4 Gray (Mass.) 426; United States v. Bonham, 31 Fed. 808; State v. Ely, 22 S. D. 487; Ledbetter v. U. S., 170 U. S. 606 (4th L. ed. 1162); 23 Cyc. 285, note 38.

(4) To point four of the opinion, Respondent cited: Com. v. Coolide, 138 Mass. 193; Com. v. Van Stone, 97 Mass. 548; State v. Hynes, 66 Me. 114.

GATES, P. J. Defendant, a veterinary surgeon, was convicted of the crime of engaging in the business of selling intoxicating liquors at retail without a license. From the judgment

and an order denying a new trial, he appeals. But one sale was attempted to be proved, to-wit, the sale of a pint of whisky. The errors assigned relate to the admission in evidence of a bottle and its contents; to an instruction that the state need not prove that defendant had no license; to an instruction that one sale of liquor constituted "engaging in business"; and to the insufficiency of the evidence.

[1] The trial was had on October 25, 1915. The evidence on behalf of the state tended to show that in September, 1915, witness Daniels asked defendant for some medicine and laid a dollar on defendant's leg while defendant was sitting in an automobile; that they went to defendant's house, and there defendant gave him a pint bottle; that upon leaving the house the marshal of Hecla, who testified that he saw the witness pay the dollar, took the bottle from witness Daniels and turned it over to the deputy sheriff. The deputy sheriff identified the bottle as the one given him by the marshal; said he put it in his lock box in the bank of which he was vice president; that another key to the lock box was in the control of other bank employees; that he went to the lock box frequently, and each time the bottle was there in apparently the same condition; and that the bottle contained whisky. We are of the opinion that the court properly admitted the bottle and its contents in evidence. The mere fact that other employees had access to a key which would unlock the vice president's lock box, without more, is not sufficient to deprive the bottle and its contents of all evidentiary force.

[2] No proof was offered that defendant had no license. The instruction of the court that such proof was unnecessary is challenged. Since 1897 South Dakota has been a prohibition state with local option license. Prohibition is the rule, license the exception. State ex rel. Crothers v. Barber, 19 S. D. 1, 101 N. W. 1078; State v. McIlvenna, 21 S. D. 489, 113 N. W. 878; State v. Ely, 22 S. D. 487, 118 N. W. 687, 18 Ann. Cas. 92; Tuntland v. Noble, 30 S. D. 145, 138 N. W. 291, Ann. Cas. 1915A, 1004. In Pumphrey v. Anderson, 141 Iowa, 140, 119 N. W. 528, the court said:

"We have repeatedly held that prohibition is still the rule in this state, and that where a party charged with a violation of the prohibitory law wishes to excuse himself by reason of the pro-

visions of the mulct law, or other exceptions to the law, he must bring himself within such exceptions by way of defense, and the burden of proving that he was within such exception rests upon him at all times and at all stages of the proceedings. In other words it is the rule that such matter is wholly defensive, and that the state is never called upon to negative the exceptions."

The trial court did not err in that instruction.

[3] Does one sale constitute "engaging in business"? The general rule, as stated in 15 R. C. L. 338, section 99, is:

"The offense of carrying on a liquor business is not committed by a single sale, or, it seems, by a few isolated transactions extending over a considerable period of time, except perhaps in the case of one who has made all preparations, holds himself out as a dealer and solicits trade as such."

Were it not for our statute we should follow that rule, but sections 2835 and 2838, Pol. Code, say:

"Sec. 2835. Retail dealers of spirituous or intoxicating liquors ∗ ∗ ∗ shall be held and deemed to include all persons who sell any such liquors by the drink or by the bottle, or in any manner in quantities of less than 5 gallons at any one time to any person or persons."

"Sec. 2838. If any person or persons shall engage or be engaged in any business requiring the payment of license, ∗ ∗ ∗ each violation of any of the provisions of this article shall be construed to constitute a separate and complete offense, and for each violation on the same day or on different days, the person or persons offending shall be liable. ∗ ∗ ∗"

In State v. Irwin, 17 S. D. 380, 97 N. W. 7, this court said:

"Although it was the intention of the Legislature to make proof of a single sale in willful violation of the act sufficient to justify a jury in finding the accused guilty of the offense of engaging in the business unlawfully, further prosecutions may be precluded by putting in evidence all known violations of the statute and relying upon the same for a single conviction."

We think it entirely clear under the foregoing statutory provisions that it was the legislative intent to make a single sale constitute "engaging in business."

[4] Finally the appellant claims that the evidence was insufficiten to justify the verdict. The substance of the state's evi-

dence has been herein related. The defendant denied giving witness Daniels any whisky, and denied that Daniels paid him money. The evidence was clearly sufficient to justify the verdict. The question before the jury was purely one of credibility of the witnesses.

The judgment and order appealed from are affirmed.