STATE, Respondent, v. HOFER, Appellant.

(164 N. W. 79.)

(File No. 4220.   Opinion filed August 23, 1917.)

1.  Criminal Law—Verdict According With Law of Case, Whether
     Contrary to Law?—Instructions.

     A verdict in a prosecution for unlawfuly engaging in busi-
     ness of selling intoxicating liquors, which was in accordance
     with law of case as laid down by court's instructions to jury,
     was not contrary to law.

2.  Criminal   Law—Appeals—Review—Exceptions   to   Instructions
     Before Judgment—Failure to Timely Except—Applicability of
     Statute.

     Code Civ. Proc., Sec. 257, requiring that exceptions to in-
     structions be ·taken before judgment, is made applicable to
     exceptions to instructions in criminal cases; and thereunder,
     where defendant's exceptions to instructions were not taken
     ·until after judgment entry, and no extension of time was
     granted, defendant cannot be heard to complain on appeal, of
     the instructions.

Appeal from Circuit Court, Clay County. Hon. ROBERT B. TRIPP, Judge.

The defendant, J. D. Hofer, was convicted of unlawfully engaging in the business of selling intoxicating liquors, and from the judgment, and from an order denying a new trial, he appeals. Judgment and order affirmed.

*C. N. Runyan,* and *Bogue & Bogue,* for Appellant.

*Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, *W. A. Bauman,* State's Attorney, and *Gunderson & Gunderson,* for the State.

(1) To point one of the opinion, Respondent cited: Gagnier v. Fargo (N. D.) 96 N. W. 841, 843.

(2) To point two of the opinion, Respondent cited: Rule 21, Circuit Courts; Code Civ. Proc., Sec. 257; State v. Sutterfield, 22 S. D. 584, 119 N. W. 548; 12 Cyc. 667; State v. Uren (S. D.) 162 N. W. 745; 2 Stand. Ency. Proc. 285.

GATES, P. J. Defendant was convicted under an information charging him with the crime of unlawfully engaging in the business of selling intoxicating liquors. From the judgment and order denying a new trial he appeals.

Appellant assigns as error the overruling of an objection to the introduction of any evidence for the reason that the information was insufficient to charge a public offense or to apprise him of the nature and the cause of the accusation against him. It is not pointed out in appellant's brief wherein the information was defective. The information is in the form which has been repeatedly sustained by this court as sufficient. State v. Williams, 11 S. D. 64, 75 N. W. 815; State v. McIlvenna, 21 S. D. 489, 113 N. W. 878; State v. Mudie, 22 S. D. 41, 115 N. W. 107; State v. Ely, 22 S. D. 487, 118 N. W. 687, 18 Ann. Cas. 92; State v. Hays, 38 S. D. 546, 162 N. W. 311; State v. Otto, 38 S. D. 353, 161 N. W. 340.

[1] Under an assignment of error that the verdict was contrary to the law, appellant attempts to present the point that because he was a pharmacist he should have been proceeded against, if at all, for violation of the provisions of section 2860, Pol. Code as amended, instead of under the provisions of section 2838, Pol. Code. The verdict was in accordance with the law of the case as laid down by the instructions of the court to the

jury. The verdict was therefore not contrary to law. Gagnier v. City of Fargo, 12 N. D. 219, 96 N. W. 841; Hayne, New Trial and App. (Rev. Ed.) § 99.

[2] Under an assignment urging error in the instructions to the jury, appellant presented the point last referred to. By the provisions of chapter 280, Laws 1913, section 257, C. C. P., is applicable to exceptions to instructions in a crimnal case. That section requires that exceptions to instructions be taken before judgment. Inasmuch as appellant's exceptions were not taken until long after the entry of judgment and no extension of time therefor was granted, he cannot now be heard to complain of the instructions.

Finally the evidence was sufficient to sustain the verdict. Although denied by appellant, two persons testified to the purchase of intoxicating liquor at his pharmacy from him or his clerk.

The judgment and order appealed from are affirmed.