STATE OF MINNESOTA *vs.* WILLIAM FUNK.

November 12, 1880.

**Intoxicating Liquor—Vote of Town against License—Indictment for Selling.—**
After a town has voted against license, pursuant to Gen. St. 1878, *c.* 16,
§ 1, an indictment may be found under section 4 against one who sells
in the town without license. The vote of the town does not affect the
offence described by that section.

**Same—U. S. Internal Revenue Receipt not a Defence.—**A receipt of the United
States internal revenue collector, for the tax on the business of retail
liquor dealers, is no license or authority to sell liquor, and is no defence
to an indictment under the law of the state for selling without license.

Defendant was tried and convicted in the district court for
Hennepin county, before *Young*, J., on an indictment charg-
ing him with selling liquor without a license, at the town of
Minneapolis in that county. A motion for a new trial was
denied, sentence was passed, and the defendant appealed.
At the trial the defendant offered to prove that prior to the
date of the sale alleged in the indictment, the town had voted
against license, and also offered in evidence a receipt of the
United States internal revenue collector of the proper district
for the special tax paid by defendant as a retail liquor dealer.
In each instance the evidence offered was excluded, and the
defendant duly excepted.

*Wilson & Lawrence*, for appellant.

*Chas. M. Start*, Attorney General, for the State.

GILFILLAN, C. J. Gen. St. 1878, *c.* 16, § 1, empowers
boards of county commissioners to grant licenses to sell
spirituous, vinous, or fermented and malt liquors, with the
proviso that if the people of any municipal township shall,
on the question being submitted to them as therein author-
ized, vote against license, then the board of county commis-
sioners shall grant no license in said township. Section 4
makes the selling of liquors, spirituous, vinous, fermented or
malt, in less quantity than five gallons, without license ob-

tained agreeably to the provisions of the chapter, a misdemeanor, and prescribes the punishment. Whether a town votes for or against license, or not at all on the subject, the offence, when one who has no license sells, must be just as it is described in section 4—that of selling without a license. The statute describes no other offence. The fact that a town has voted against license does not affect the character of the offence; it is no constituent of it. The sale and want of license constitute the crime. Why the seller did not obtain a license, or why the commissioners would not grant one,— and that is all that proof of a vote by the town against license would show,—is immaterial. *State* v. *Cron,* 23 Minn. 140.

The decision in the case of *State* v. *Hanley,* 25 Minn. 429, cited in support of the proposition that in this case the indictment should have been for selling after the town had voted against license, and the offence should have been described in the indictment as a selling after such vote, was upon a special statute, relating only to the village of Kasson. That statute provided that any person who should, in that village, sell for other than medicinal purposes, after the village should have voted against license, should be deemed guilty of a misdemeanor; and this court held that after a vote against license by the village of Kasson, the liability of one selling in that town thereafter was under that statute, and not under the general law. The decision has no application to this case. The indictment alleging a sale by defendant, and that he was not then and there a person licensed to sell, was sufficient, and proof that the town had voted against license would not have affected the case.

The receipt to defendant of the United States internal revenue collector, for the tax on the defendant's business of retail liquor dealer, could not authorize a sale by defendant contrary to the laws of the state. The law of the United States, imposing a tax upon dealers in liquors, is not, like the laws of the state regulating the selling of liquors, a police regula-

tion, but simply a tax law, enacted not to license or authorize or regulate the sale of liquors, but to raise revenue by a tax on those who are in the business of selling.

Order and judgment affirmed.