STATE OF ARKANSAS v. R. F. TUCKER.

[And Six Other Cases on the Same Facts.]

LIQUOR: *Selling without license: Indictment.*

   A plea to an indictment for selling liquor without license, that the sale was within the limits of a prohibition district, is bad.

APPEAL from *Ashley* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*Dan W. Jones*, Attorney General, for Appellant.

Although this is an anomalous kind of proceeding, still the answer of the State to the plea in abatement may be considered as a demurrer, and as such should have been sustained. The question is no longer an open one, it being fully settled that a party who sells liquor within a local option district may, since the passage of the Act of March 26, 1883, be indicted either for selling without license or for violation of the local option law. *Chew v. State, 43 Ark., 361.*

SMITH, J. These were indictments for sales of ardent liquors without license in Ashley county, the dates of the several sales being alleged to be subsequent to March 26, 1883. The Defendants pleaded that the sales were made within three miles of a certain church, after the County Court had made a prohibitory order, putting in force the local option law within that area. The State replied that the indictments were preferred under the act of March 26, 1883, which provides that vendors of liquors without license, in local option districts, may be prosecuted for a violation either of the license act or the local option law. The Circuit Court sustained the plea, dismissed the indictments and discharged the Defendants.

There is no such thing in our criminal practice as a reply to a plea. But the Court below seems to have treated it as a demurrer, the State resting when the plea was adjudged to be good.

It was wholly immaterial whether or not the three-mile law was in operation in the district where the sales were made. The offense with which the Defendants were charged was selling liquors without having first procured a license. And this they could not do in any part of the county without subjecting themselves to the penalties of the law ; the only difference being, that in prohibition districts a license could not be had at all. *Chew v. State, 43 Ark., 361.*

Reversed and remanded with directions to adjudge the pleas in the several cases insufficient in law, as upon demurrer.