LAND, J.
The defendant appeals from a judgment condemning her to pay state licenses for selling intoxicating liquors during the years 1901, 1902, 1903, 1904, and 1905.
The state charged that the defendant conducted the business of drinking saloon and barroom on her premises at No. 235 North Basin street, in the city of New Orleans.
The evidence shows beyond question that defendant during said years did purchase beer and wine in quantities and did retail the same on her premises. The fact that the sales were confined to boarders and visitors is without significance. State v. Club, 46 La. Ann. 935, 15 South. 190, 24 L. R. A. 452.
In that case, as in this, the provisions of the license act were broad enough to cover any place where anything to be drunk on the premises is sold directly or indirectly and any establishment selling or giving away or otherwise disposing of any intoxicating liquors. See Act No. 171 of 1898, pp. 414, 415, § 13. That defendant was a retailer of such liquors is further shown by the fact that she procured an internal revenue license to conduct such a business from the proper federal authorities.
The district judge found from the evidence that defendant’s sales of liquors averaged more than $5,000 per annum, and that she was consequently liable to a license tax of $200 for each year. After examining all the evidence in the record, we are not prepared to dissent from this conclusion. Defendant bought wine by the case and beer by the cask and dozen bottles. She sold wine at $5 per bottle and beer for not less than 12% cents. She purchased annually about 900 bottles of wine and from 6,000 to 8,000 bottles *404 of beer. Hence her gross sales should not have been less than $5,000.
Defendant’s counsel on the law of the casé relies on the following contention, viz:
“The necessary prerequisite in the matter of collecting a license is the issuance of a license by the city. Where the city has not authorized the business by the granting of a permit, the state cannot claim a license, because it has delegated its authority in the matter to the city, and because, further, it has expressly relinquished its right to claim a license, in such cases, where one has not been granted by the city.”
This argument is bottomed on the circumstance that the defendant during the years in question had no permit from the city council to retail intoxicating liquors. It is true that the city ordinance requires such a permit, but it does not follow that the defendant’s violation of the ordinance has exempted her from the operation of the general license laws of the state. The occupation of selling intoxicating liquors is permitted by the state and is subject to license taxation. Such occupation is also subject to local regulation and license taxation. It is the duty of the citizen, desiring to pursue such a business, to conform both to the state law and to local ordinances. But the state does not concern herself with the enforcement of the municipal regulations.
Each governmental authority acts within its own appropriate sphere. The state relinquishes her right to grant licenses only where none are granted by the local authorities; but, “wherever any licenses may be granted,” the state reserves the power to collect the tax due her. Rev. St. 1870, § 1212.
The power to exact such a license extends to all persons pursuing the business, and it is no defense to say that the occupation has been carried on in violation of local regulations, not amounting to prohibition. The failure of the city to enforce its ordinances is no reason why the state should not collect the license taxes due by defendant. See Black on Intoxicating Liquors, § 220.
Judgment affirmed.