## J. T. FOSTER *v.* R. A. SPEED, Clerk.

### (*Jackson.* April Term, 1908.)

1. **TAXATION.** Prohibited business may be taxed.

   A business which is prohibited may be taxed. The fact that a business is made unlawful as a misdemeanor, and a license cannot be issued or obtained authorizing it, does not prevent the collection of the privilege tax imposed upon such business from a person engaged therein.

   Cases cited and approved: Palmer v. State, 88 Tenn., 553; Blaufield v. State, 103 Tenn., 593; License Tax Cases, 5 Wall. (U. S.), 462; Bank v. Fenno, 8 Wall. (U. S.), 533; Youngblood v. Sexton, 32 Mich., 406; Welsh v. State, 126 Ind., 71; State v. Funk, 27 Minn., 318; State v. Doon, R. M. Charlt. (Ga.), 1; State v. Hipp, 38 Ohio St., 199; Butzman v. Whitbeck, 42 Ohio St., 223; State v. Tucker, 45 Ark., 55; State v. Brown, 41 La. Ann., 771.

2. **SAME.** Same. Privilege tax for sale of liquor in prohibited territory is collectible; case in judgment.

   A statute (Acts 1903, ch. 257), making the retailing of liquor a privilege and imposing a tax thereon, applies to sales made in places where the business is prohibited and made a misdemeanor; and one making sales of liquor by retail within four miles of a schoolhouse in the country in violation of what is commonly known as the four mile law, is liable for the privilege tax imposed thereon. The two statutes, when applied to the territory in which the sales are prohibited, are consistent, and tend to effect the same purpose, namely, the prevention of the sale of liquor therein.

   Acts cited and construed: Acts 1903, ch. 257; and the four-mile law.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.—
A. B. PITTMAN, Judge.

N. B. NORFLEET, for plaintiff.

ATTORNEY-GENERAL CATES, for defendant.

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

The question in this case is whether the statute mak-
ing the sale of intoxicating liquors a privilege, and im-
posing a tax upon those engaged in that business, ap-
plies to territory in which the sale of liquors is pro-
hibited by what is commonly known as the "four mile
law."

The plaintiff, T. J. Foster, conducted a place for the
sale of liquors by retail in Shelby county, outside the
corporate limits of the city of Memphis and within four
miles of a schoolhouse where a school was kept. R. A.
Speed, the defendant, clerk of the county court of Shelby
county, issued a distress warrant against him for the
privilege tax imposed by the general revenue law of
1903 upon those engaged in retailing liquors in places
of less than six thousand inhabitants. The plaintiff, to
prevent a sale of his property under that proceeding,

paid the tax demanded, and brought this suit within thirty days thereafter to recover the same.

Plaintiff's contention is that the statute making the sale of liquor a privilege, and imposing a tax upon those exercising the privilege, does not apply to places where the business is prohibited and made a misdemeanor; in other words, that the legislature did not intend to license and tax a business which could not be conducted lawfully.

The defendant, R. A. Speed, in the collection of the tax, proceeded under chapter 257, p. 599, of the Acts of 1903. That act made the business of retailing liquor a privilege, and imposed a tax thereon, to be paid to the clerk of the county court of the county in which the business was conducted. The clause imposing the tax is in these words:

"*Liquor dealers.* * * * Retail, taxed as other merchants, and, in addition, shall pay as follows:

"In cities, taxing districts, or towns of 6,000 inhabitants or over, each, per annum, $250.

"At any place, city, taxing district, or town of less than 6,000 inhabitants, each, per annum, $150."

This in express terms imposes the tax upon all persons engaged in retailing liquors in this State. There is no exception of any person, place, or sale. It covers the whole State and all sales, whether legal or illegal. There is no conflict between this statute and the four mile law. It does not allow sales where prohibited by the latter law. A business which is prohibited may be

taxed.  *Palmer* v. *State,* 88 Tenn., 553, 13 S. W., 233, 8 L. R. A., 280; *Blaufield* v. *State,* 103 Tenn., 593, 53 S. W., 1090.

The policy of the general assembly for many years has been to regulate, discourage, and limit the sale of intoxicating liquors in this State. Unmistakable evidence of this is found in the numerous statutes prohibiting sales of liquor on Sunday and election days, and to minors and students; those gradually increasing the privilege tax upon such business; those prohibiting sales within certain distances of manufacturing plants, hospitals for the insane, and soldiers' homes; and those prohibiting sales, first, within four miles of incorporated institutions of learning without incorporated towns or cities, then within four miles of any schoolhouse where a school was kept outside such towns or cities; and those enacted at different times extending this law to incorporated towns and cities of certain populations, by which the territory in which liquor can be sold in this State has been gradually narrowed and limited until it is now confined to certain cities in four out of ninety-six counties.

We think, in view of this settled policy of the legislature and the comprehensive language of the statute imposing the tax, that it is clear that it was intended that it should apply to all parts of the State, including the territory protected by the four mile law, and that the plaintiff was liable for the tax collected from him. The two statutes, when applied to this territory, are con-

sistent and tend to effect the same purpose—the prevention of the sale of liquor therein.

The imposition of a tax upon an outlawed business is often more efficient in suppressing it than statutes making it a criminal offense, because of the greater certainty of the collection of the tax and the difficulties attending to prosecution of the misdemeanor, and the fact that the enforcement of the two remedies is generally intrusted to different officers, as in this case, where the tax is collected by the clerk of the county court and the prosecution of the misdemeanor committed in making the sale made the duty of the sheriff and the district attorney.

Judge Cooley, in his work on Taxation (3d Ed., p. 14), says:

"They [privilege taxes] may be intended to discourage trades and occupations which may be useful and important when carried on by a few persons under stringent regulations, but exceedingly mischievous when thrown open to the general public and engaged in by many persons. An example is the heavy tax imposed in some States and in some localities in other States on those engaged in the manufacture or sale of intoxicating drinks. Two purposes are generally had in view in imposing such a tax—to limit the business to a few persons, in order to more efficient and perfect regulation, and also to produce a revenue. As no one will pay the tax who does not expect to be reimbursed the expense from the profits of sales, it is obvious that

the heavier the tax the fewer can afford to pay it, and it may be made so heavy that no one can afford to pay it, and then it is prohibitory."

And again, on page 242 of the same work, he says:

"On the other hand, one purpose of taxation sometimes is to discourage a business, and perhaps put it out of existence. Then it is taxation without any idea of protection attending the burden. This has been avowedly the purpose in the case of some federal taxes, while in others the burden has been laid on subjects which by State legislation were put out of the protection of the law. The taxes have nevertheless been sustained."

The question here involved has been before this court in two or more unreported cases, and in all of them it has been held that the tax could be collected. The decisions of all other courts upon the question, that have been called to our attention, are to the same effect. In the case of *Youngblood* v. *Sexton,* 32 Mich., 406, 20 Am. Rep., 654, it is said:

"If one puts the government to special inconvenience and costs by keeping up a prohibited business or maintaining a nuisance, the fact is a reason for discriminating in taxation against him; and if the tax be imposed on the thing which is prohibited, or which constitutes the nuisance, the tax law, instead of being inconsistent with the law declaring the illegality, is in entire harmony with its whole purpose, and may sometimes be even more effectual. Certainly whatever discrimina-

tions are made in taxation ought to be in the direction of making the heaviest burdens fall upon those things which are obnoxious to the public interest, wherever that is practicable."

The courts of last resort in a number of States have held that the fact that a business was prohibited, and license could not be obtained authorizing it, was no defense to an action to collect the tax imposed from one engaged in such business. *Welsh* v. *State,* 126 Ind., 71, 25 N. E., 883, 9 L. R. A., 664; *State* v. *Funk,* 27 Minn., 318, 7 N. W., 359; *State* v. *Doon,* R. M. Charlt. (Ga.), 1; *State* v. *Hipp,* 38 Ohio St., 199; *Butzman* v. *Whitbeck,* 42 Ohio St., 223; *State* v. *Tucker,* 45 Ark., 55; *State* v. *Brown,* 41 La. Ann., 771, 6 South., 638.

The supreme court of the United States has also held that those engaged in a business taxed by congress are liable for the tax imposed, notwithstanding the business is unlawful and prohibited by the law of the State where conducted. *License Tax Cases,* 5 Wall. (U. S.), 462, 18 L. Ed., 497; *Veazie Bank* v. *Fenno,* 8 Wall. (U. S.), 533, 19 L. Ed., 482.

We find no error in the judgment of the circuit court, dismissing plaintiff's suit, and the same is affirmed, with costs.