## STATE v. ELY.

Under Rev. Pol. Code, § 2838, making it unlawful for any person to engage in any business requiring the payment of a license under section 2834 without paying the license, which section requires a license for the business of selling intoxicating liquors, the offense of "engaging in the business without a license" is the same as that of "selling without a license."

Under Rev. Pol. Code, § 2838, making it unlawful to engage in a business requiring payment of a license under section 2834 without

paying the same, which section requires a license to sell intoxicating liquor, it is not necessary that the business may bé engaged in lawfully in order to constitute the offense of selling without a license, and the statute applies to localities where a license may not be granted under the local option laws, and hence it was unnecessary, in an indictment for selling liquor without a license, to allege that the business could be engaged in in that county.

In a prosecution under Rev. Pol. Code, § 2838, making it unlawful to engage in a business requiring the payment of a license by section 2834, which section requires a license for selling intoxicating liquor, the state could allege that accused engaged in the business on May 1st, and continued to do so until June 10th following, and could show thereunder any sales between those dates, as tending to prove that accused engaged in the business.

Rev. Pol. Code, § 2834, requires a license to engage in the business of selling any spirituous, vinuous, malt, brewed, or other intoxicating liquors. The prior license law (Sess. Laws 1890, p. 229, c. 101, § 6) makes all spirituous, malt, etc., or other intoxicating liquors, or mixtures that will produce intoxication, intoxicating liquors within the act. Held that, in view of the omission of the definition of intoxicating liquors in section 2834, that section makes the liquors named therein intoxicating, and in a prosecution thereunder, upon showing that the liquors sold were of the class named, the state need not prove that they were intoxicating.

(Opinion filed, December 9, 1908.)

Appeal from Circuit Court, Kingsbury County. Hon. CHARLES S. WHITING, Judge.

Charles E. Ely was convicted of engaging in the business of selling intoxicating liquor without a license, and he appeals. Affirmed.

*Hall, Lawrence & Roddle,* for appellant. *S. W. Clark, Attorney General, Wm. 'H. Warren, State's Atty.,* and *Chas P. Warren, Asst. State's Atty.,* for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Kingsbury county, the defendant was tried and convicted of the offense of engaging in the business of selling intoxicating liquors at retail without a license. From this judgment, the defendant has appealed to this court.

The information, omitting formal parts, is as follows: "That on the 1st day of May, A. D. 1907, and thereafter continuously down to the 10th day of June, A. D. 1907, inclusive, in the county of Kingsbury, state of South Dakota, the said Charles E. Ely did

then and there engage in the business of selling brewed, malt, fermented, and intoxicating liquors at retail, without having paid to the said county of Kingsbury, state of South Dakota, or the treasurer thereof, the license fee required by article 6 of chapter 27, Revised Political Code of South Dakota, contrary to the statute in such case made and provided, and against the peace and dignity of the state of South Dakota." Defendant moved to set aside the information, which motion was denied, and thereafter he interposed a demurrer to the information, on the ground, in substance, that the facts stated do not constitute a public offense. Numerous errors are assigned in the record, but the learned counsel for the defendant has condensed them into the four following propositions: "First, The demurrer of the defendant upon the ground that the information does not state any public offense, in that it fails to show that the business could be engaged in in said city and county, and the sole offense charged being engaging in the business without paying the fee. Second. The refusal of the court to require the state to elect upon what date of engaging in the business the state relied upon and in permitting the case to go to the jury without election and instructing the jury that they could find any date between May 1st and June 10th. Third. The error of the court in instructing the jury that they could find the defendant guilty of the sale of brewed or malt liquors, regardless of whether the said liquors were in fact intoxicating liquors. Fourth. The error of the court in instructing the jury that they could find the defendant guilty for selling a mixture which contained any percentage of intoxicating liquors; there having been no issue in the case as to mixtures or compounds." It is contended by the appellant that the information is based upon section 2838 of the Revised Political Code, which provides for an offense which may be committed only where it is lawful to engage in the business of selling intoxicating liquors, and only unlawful when such business is engaged in without paying the fee for such license, and that the information is designated as engaging in the business without a license; and the appellant further contends that the defendant could not be found guilty of such an offense without the information containing an allegation, and, there being proof that such a business could be en-

gaged in in the locality in which the information applies—in other words, a law which is not in force cannot be violated, and that by the law as contained in chapter 124, p. 180, Laws 1905, which provides, "No license shall be granted to any person or persons to sell intoxicating liquors under the provisions of this act in any township, town or city in this state, where a majority of the electors of such township, town or city have not voted in favor of granting such license at the last general municipal election," it must affirmatively appear that such a vote had been had which resulted in permitting a license to be granted, and that it does not affirmatively appear that the appellant could have obtained such license. And the appellant further contends that "engaging in the business" of selling intoxicating liquors is a different offense from that of the selling of intoxicating liquors as a beverage. But this contention is clearly untenable. The provisions of section 2838 making it unlawful for any person to engage or be engaged in any business requiring the payment of a license under section 2834 without having paid the same is guilty of a misdemeanor is, in effect, substantially the same as the former statute in this state prohibiting the sale of intoxicating liquors without a license. There is practically no distinction between the two forms of expression, and the Legislature in the section referred to simply defines the offense in different language by using the term "engaging in the business," and we shall treat the expression used in the statute, "engaging in the business without a license," as equivalent to the term of "selling without a license."

The contention of appellant that the provisions of sections 2838 and 2834 only applies to cases where the law authorizing the sale of intoxicating liquors by the payment of a license is in force is also clearly untenable. The late territorial Supreme Court in construing the law as contained in chapter 71, p. 189, Laws 1887, providing for a vote to prohibit the sale of intoxicating liquors, held that a party might be prosecuted for the selling of intoxicating liquors, although prohibition was in force in the county at the time of the commission of the alleged offense, and the court says in its opinion: "The offense was selling liquor without a license, and it was immaterial upon that question whether or not Spink

county had voted for or against the sale, or whether 'local option' was in force when the indictment was presented. The penalty for selling liquor without a license remained the same through all changes regarding 'local option.' No vote affected it." And this court took substantially the same view in the case of State v. McIlvenna, 21 S. D. 489, 113 N. W. 878, and also in the case of State v. Moodie, 22 S. D. 41, 115 N. W. 107. In the latter case this court says: "The contention that the fact stated in the indictment and agreed statement of facts upon which the action was tried does not constitute a public offense because they do not show whether a license could have been procured by any one in Centerville, where the business was conducted, is not tenable. 'The law prohibits every person who has not first obtained a license from engaging in the sale of intoxicating liquors at retail anywhere in the boundaries of this state', State v. McIlvenna, 21 S. D. 489, 113 N. W. 878. Therefore the reason why defendant had not procured a license was wholly immaterial; and what is not material need never be alleged or proved." State v. McNeary, 88 Mo. 143; Welch v. State, 126 Ind. 71, 25 N. E. 883, 9 L. R. A. 664; State v. Funk, 27 Minn. 318, 7 N. W. 359; 20 Cyc. 120; 17 Am. & Eng. Ency. of Law, 330. In the latter work the law applicable to this class of cases is thus stated: "The fact that it was impossible at the time of the sale for the party selling to obtain a license is no defense to a prosecution for selling intoxicating liquors without a license. Therefore it is no defense that no license could be legally granted at the place where the sale was made, or that it was impossible for the licensee to renew his license because of the sickness of the officer whose duty it was to issue the license." We are clearly of the opinion, therefore, that the contention of the appellant that his demurrer should have been sustained to the information, for the reason that the information does not allege that the business could have been engaged in in said county, cannot be sustained.

The contention of the appellant that the court committed error in refusing to require the state to elect upon what date of engaging in the business the state relied upon was error we think is equally untenable. It will be observed that it is alleged in the information

that the offense was committed by "engaging in the business" on the 1st day of May and was continued until the 10th day of June following. This allegation in the information is in our opinion a proper allegation, and under it the state could prove any sales they might be able to prove between those dates as tending to prove that the defendant was "engaged in the business"; State v. Williams, 11 S. D. 64, 75 N. W. 815; and the state was not confined to any one particular sale, as this court held under the law as it formerly stood in this state prior to the enactment of the license law when one sale constituted the offense. State v. Vallentine, 7 S. D. 98, 63 N. W. 541. In that case this court held under the law as it then existed that, where there was proof of more than one sale, it was the duty of the court on request of the defendant to require the state to elect upon which sale it would rely for a conviction, on the ground that only one offense could be alleged in the indictment, and that each sale constituted a separate offense. That case is therefore no authority in the case at bar, where the defendant is informed against as "engaged in the business."

It is further contended by the appellant that the court erred in instructing the jury that "they could find the defendant guilty of selling liquor which was either brewed, fermented, or malt, * * * our statute making such liquor intoxicating." It is the contention of the appellant that, to entitle the state to a verdict of guilty, it was necessary for the state to prove that the liquor alleged to have been sold by the defendant was an intoxicating liquor, and this contention is based upon the provisions of section 2834 of the Revised Political Code, which provides that, "upon the business of selling or offering for sale any spirituous, vinous, malt, brewed, fermented or other intoxicating liquors" at retail, a license must be obtained by the party engaging in the business, and that the words, "or other intoxicating liquors," show the intention of the Legislature that brewed and fermented liquors must be capable of producing intoxication, and that in the case at bar there was no evidence tending to prove that the liquor labeled "Health Table Malt" and "Gold Foam," sold by the defendant, was intoxicating liquor. It is disclosed by the evidence, however, of the chemist who analyzed the contents of these bottles, that both of them con-

tained a small percentage of alcohol, and it was further disclosed by the evidence of the chemist that one bottle contained "a fermented malt liquor" and the other a "germinated malt liquor." We are unable to agree with the learned counsel for the appellant in his construction of the clause referred to in section 3834. In the case of State v. Williams, 11 S. D. 64, 75 N. W. 815, this court, in considering that section says: "It will be observed that it is the business of selling, offering for sale, any spirituous, vinous, malt, brewed, fermented, or other intoxicating liquor at retail or any mixture or compound * * * that is required to be licensed, and that all the designated liquors are classed as intoxicating liquors." In again reviewing the provisions we think the view expressed in that opinion is clearly correct. In the use of the term "or other intoxicating liquors," following the designation of "spirituous, vinous, malt, brewed, fermented," clearly indicate in our opinion that it was the intention of the Legislature to class all the liquors mentioned as intoxicating liquors.

In chapter 101, p. 229, Sess. Laws, 1890, providing for the regulations to enforce article 24 of the Constitution, the Legislature by the sixth section defines intoxicating liquors as follows: "All spirituous, malt, vinous, fermented, or other intoxicating liquors or mixtures thereof by whatever name called that will produce intoxication shall be considered and held to be intoxicating liquors within the meaning of this act." In enacting the license law now in force this definition of intoxicating liquors is omitted, and the law containing that provision is repealed. We may fairly presume, we think, that the omission of any provision in the present law defining the meaning of intoxicating liquors was intended to relieve the state in prosecutions under the law from the necessity of proving that either of the classes of liquors mentioned would produce intoxication, and evidence showing that the liquors sold in violation of law came within one of the classes mentioned should be deemed sufficient for the purpose of the law as showing the liquors sold to be intoxicating liquors. In this state, as held in the case of State v. McIlvenna, supra, the sale of intoxicating liquor is prohibited within its boundaries, except in townships towns, and cities in which a majority of the electors shall by vote authorize

the sale of the same.  And, where such authority has been given, a license is required of parties engaged in the business as provided by law.  In view of the policy of the state as held by this court in the case above referred to, it is quite 'clear that it was the intention of the lawmaking power to restrict and regulate the sale of intoxicating liquors and to make the sale of any of the liquors in the classes designated without · a license a violation of the law.  An examination of the various sections of the license law quite clearly indicates the intention of the lawmaking power to eliminate in prosecutions for a violation of the law any element requiring proof that the liquors sold mentioned in either of the classes will produce intoxication.

It is further contended by the appellant that the court erred in instructing the jury "that they could find the defendant guilty for selling any mixture which contained any percentage of intoxicating liquors."  We are of the opinion that there was no error in this instruction.  It is true the word "mixture" is not used in the information, but the appellant was charged with being engaged in the business of selling intoxicating liquors, and, if any mixture that might be sold contained any percentage of intoxicating liquor, the sale of it would constitute a violation of the law, or if any mixture contained vinous, malt, or fermented liquor the sale without a license would be a violation of the law; for such a sale would be within the statute prohibiting the sale of intoxicating liquors, such liquors being classed as intoxicating liquors by the statute. A very large number of cases are cited and commented upon by the respective attorneys, but, as the laws of the different states vary so greatly in defining what constitutes a violation of their statutes relating to the sale of intoxicating liquors, a review of these cases would serve no useful purpose, and we shall therefore refrain from taking the time to review them.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.

WHITING, J., having presided at the trial of this case in the circuit court, took no part in this decision.