## STATE v. GUY.

Pol. Code, § 2834, requires a person whose business is selling or keeping for sale intoxicating liquor to pay the license therein prescribed. Section 2838 makes guilty of a misdemeanor a person engaging in any business requiring payment of a license under section 2834 without having paid the license. Code Cr. Proc. § 228, provides that words used in a statute to define a public offense need not be strictly pursued. Section 229 provides that an information is sufficient if a person of common understanding may know what offense is intended. Section 230 provides that no information is insufficient by reason of a defect of form not prejudicing the defendant. An information charged defendant with selling and keeping for sale intoxicating liquor without a license, in that he kept for sale and sold such liquor by the bottle and drink without a license to conduct the business of selling intoxicating liquor. Held, that the

information was good as against objection to evidence thereunder
on the ground that the facts stated did not constitute a public of-
fense, though it did not charge that accused was engaged in the
business, etc.

Error, if any, on a trial for the illegal sale of liquor in per-
mitting the state to introduce a search warrant, the return thereon,
and affidavit upon which issued, was not prejudicial, where merely
tending to prove the finding of liquor on the premises, a fact testified
to without objection by the person who made the affidavit, the officer
who made the return, and at least one other witness.

Accused having established a fact by his own testimony could
not have been prejudiced by other evidence, however incompetent,
tending to prove the same fact.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, Marshall County. Hon. J. H.
McCoy, Judge.

John H. Guy was convicted of selling and keeping for sale
intoxicating liquor without a license, and he appeals.   Affirmed.

*R. D. Gardner, (Joe Kirby, of counsel)*, for appellant. *S. W.
Clark, Atty. Gen.*, and *Otto L. Kaas, State's Atty*, for the State.

HANEY, J.   If any crime is charged in this action, it is one
defined by sections 2834, 2838, Rev. Pol. Code.   Section 2834
requires all persons whose business, in whole or in part, consists
in selling or keeping for sale certain liquors, at retail or whole-
sale, to annually pay certain sums for license to conduct such
business.   Section 2838 declares if any person shall engage or be
engaged in any business requiring the payment of license under
section 2834, without having paid the required license and with-
out having the receipt and notice of such license posted, he shall
be deemed guilty of a misdemeanor.   "The gist of the offense is
the engaging in the business without such license."   State v.
Williams, 11 S. D. 64, 75 N. W. 815; State v. Mudie, 22 S. D.
41, 115 N. W. 107; State v. Ely, 22 S. D. 487, 118 N. W. 687.
The information charges "that heretofore  *  *  *  in the county
of Marshall, and in the state of South Dakota, one John H. Guy
*  *  *  did commit the crime of selling and keeping for sale
intoxicating liquors without a license, committed as follows: That
at said time and place the said John H. Guy *did keep for sale, or*

*for the purpose of giving away and* did sell and give away certain intoxicating liquor, to wit: spirituous, vinous, malt, brewed and fermented liquors, such as whisky, malt and beer, without having a license as required by law for the keeping for sale, selling, or giving away intoxicating liquors, and that the said John H. Guy did then and there keep for sale; sell, and give away such spirituous, vinous, malt, brewed, or fermented liquors, by the bottle and by the drink without having received a license to conduct the business of selling intoxicating liquors and not being a person authorized by law to sell, keep for sale or give away such intoxicating liquors." As the italicized clause is unnecessary and does not in any manner modify the meaning of the pleading, it may be regarded as surplusage.

Eliminating it and other immaterial repetitions, the information, in substance, accuses the defendant of the crime of selling and keeping for sale intoxicating liquors without a license, committed as follows: That at the time and place alleged he did keep for sale and sell whisky, malt, and beer by the bottle and by the drink without having received a license to conduct the business of selling intoxicating liquors, and not being a person authorized by law to sell, keep for sale, or give away such intoxicating liquors. The crime intended to be charged is engaging or being engaged in any business which in whole or in part consists in selling or keeping for sale any of the liquors embraced by the statute without having procured the license or permission required by the statute. In brief, it was intended to accuse the defendant of conducting an unlicensed retail liquor business at the time and place alleged. Unquestionably it would have been better form to have stated that accused was then and there engaged in the business of selling and keeping for sale: but to sell and keep for sale by the bottle and by the drink is in effect, to be engaged in the business of selling and keeping for sale. It is to do what constitutes a retail business. "Words used in a statute to define a public offense need not be strictly pursued in the indictment or information; but other words conveying the same meaning may be used." Rev. Code Cr. Proc. § 228. The crime charged in this case does not consist in keeping a place where intoxicating liquors are un-

lawfully kept for sale and sold. Defendant was not accused of maintaining a public nuisance. He simply was charged with engaging in an unlawful business; and the particular building or locality in which the business was conducted was immaterial, provided the crime was committed within the boundaries of the proper county. The act charged as the offense was, we think, set forth in such manner as to enable a person of common understanding to know what was intended and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case. Rev. Code Cr. Proc. § 229. "No indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Id. 230. Therefore the circuit court did not err in overruling defendant's objection to the introduction of any evidence on the ground that the facts stated in the information did not constitute a public offense, though a more serious question might have arisen had a demurrer been interposed on the ground that the information did not substantially conform to the requirements of the Code.

The state was permitted to introduce in evidence a search warrant, the return thereon, and the affidavit upon which it was issued, disclosing the finding and seizure of nine pints "Cream Rye" whisky, 17 quarts "Hamms New Brew" beer, and two cases "Golden Foam" malt. Though the trial court may have erred in overruling defendant's objection to this evidence, it affirmatively appears that the error was not prejudicial. The evidence merely tended to prove the finding of the liquors described in the return on the premises described in the affidavit and warrant, a fact testified to without objection by the person who made the affidavit, the officer who made the return, and at least one other witness— a fact established by abundant, uncontradicted, competent evidence. Moreover, the defendant as a witness on his own behalf testified on cross-examination that he had "a malt government, not liquor, license for 1908"; and, further, as follows: "I obtained a malt license for the purpose of selling malt. I sold it whenever I could,

but the boys didn't like it. I think I sold a little in June. I had Lorenzen malt and some made at Springfield, Iowa, guaranteed because we did not have to have a government license." In absence of a license, the fact that accused was selling malt constituted the crime charged and of which he was convicted. State v. Ely, supra. Having established such fact by his own testimony, he certainly could not have been prejudiced by evidence, however incompetent, tending to prove the same fact.

The charge of the learned circuit court and the sufficiency of the evidence to sustain the verdict are challenged by several assignments of error, nearly all involving the contention that no one can lawfully be convicted of the crime charged, unless the jury be satisfied beyond reasonable doubt that the liquor sold is in fact intoxicating. The same proposition was considered in State v. Ely, supra. It is not deemed necessary to restate the reasons for the conclusion then announced. All the assignments of error have received consideration. Finding no reversible error in the record, the judgment of the circuit court is affirmed.

McCOY, J., taking no part in the decision.