Robinson, J.
The questions here for consideration are whether Sections 6071 to 6096, inclusive, General Code, are inconsistent with Section 9, Article XV of the Ohio Constitution, and were, therefore, repealed by the adoption of that section of the constitution; and, if not inconsistent with the constitution, and therefore not repealed by the adoption of the constitution, whether the auditor of Jefferson county in levying the assessment observed the correct rule in determining the amount of such assessment.
Section 6071, General Code, provides: “Upon the business of trafficking in spirituous, vinous, malt or other intoxicating liquors, there shall be assessed yearly and paid into the county treasury, as provided by sections 6072, and following, of the General Code, by each person, corporation, or co-partnership engaged therein the sum of one. thousand dollars.”
Section 9, Article XV of the Constitution, provides : “The sale and manufacture for sale of intoxicating liquors as a beverage are hereby prohibited. The general assembly shall enact laws to maké this provision effective. Nothing herein contained shall prevent the manufacture or sale of such liquors for medicinal, industrial, scientific, sacramental, or other non-beverage purposes.”
It is the contention of the plaintiff in error that since by reason of the adoption of Section 9, Article XV of the Constitution, the business of trafficking in intoxicating liquors is prohibited, there no longer exists any reason for a regulatory statute upon the same subject, it being inconsistent to prohibit *460 a thing by the fundamental law and regulate it by legislative enactment, and we are free to confess that were this, subject before this court as a matter of first impression there would seem to-be much merit in the contention. ' But the question hardly seems longer an open one in Ohio.
In the case of Conwell v. Sears, Treasurer, 65 Ohio St., 49, this court held: “The assessment upon the traffic in intoxicating liquors required by section 4364-9 of the Revised Statutes is legally and properly made upon that traffic, though it be carried on in violation of a municipal ordinance.” Section 4364-9, Revised Statutes, slightly amended, is present Section 6071, General Code. In that case the assessment was levied upon real estate owned by Conwell, in which one Grimes had been engaged in trafficking in intoxicating liquors, within the incorporated village of Cadiz, where at the time there was an ordinance duly enacted forbidding such traffic. By the provisions of the then existing law in the village of Cadiz, trafficking in intoxicating liquors was by law as effectually prohibited as it is now by law within the state of Ohio, and the reasoning of the court in that case, applicable to the limited territory of the village, if followed, will control in the present case, where the territory includes the entire state, for it was there stated in effect that it was not the intention or purpose of the legislature in authorizing certain subdivisions of the state to prohibit the traffic in intoxicating liquor to thereby relieve those unlawfully engaged in such traffic in such territory from any of the burdens, obligations and restrictions imposed upon *461 those lawfully engaged in the business elsewhere; and by the same process of reasoning it logically follows that by the prohibition of traffic in intoxicating liquors within the state, it was intended not to relieve those violating the constitutional provision from any of the burdens, obligations or restrictions heretofore imposed by law.
A case similar in principle is the case of Foster v. Speed, Clerk, 120 Tenn., 470, wherein the supreme court of that state held:
“1. A business which is prohibited may be taxed. The fact that a business is made unlawful as a misdemeanor, and a license cannot be issued or obtained authorizing it; does not prevent the collection of the privilege tax imposed .upon such business from a person engaged therein.
“2. A statute (Acts 1903, ch. 257) making the retailing of liquor a privilege and imposing a tax thereon, applies to sales made in places where the business is prohibited and made a misdemeanor. * * * The two statutes, when applied to the territory in which the sales are prohibited, are consistent, and tend to effect the same purpose, namely, the prevention of the sale of liquor therein.”
In the case of Youngblood v. Sexton, 32 Mich., 406, the supreme court of Michigan held: “A business is not necessarily licensed or protected because of its being taxed, nor does taxing a business imply an approval of it. On the contrary, it is competent to tax an illegal business.” And to the same effect are the cases of Adler v. Whitbeck, 44 Ohio St., 539, and Anderson v. Brewster, 44 Ohio St., 576.
*462 In the case of United States v. Vassar, and. others, being nine license tax cases, 5 Wall. (72 U. S.), 462, the supreme court of the United States held: “Licenses under the act of June 30, 1864, ‘to provide internal revenue to support the government, &c.’ (13 Stat. at Large, 223), and the amenda-tory acts, conveyed to the licensee no authority to carry on the licensed business within a State.”
It, therefore, would seem that it has become the settled policy, not only of the state of Ohio, but of the other states of the Union and of the federal government as well, to at one and the same time impose a tax upon the business of trafficking in intoxicating liquors, whether that tax be denominated a privilege tax, a license or an assessment, in territory where the trafficking is prohibited and in territory where the trafficking is permitted, and in Ohio substantially the same provision for the assessment of a tax has prevailed under two different and antagonistic provisions of the constitution, to-wit, under a provision prohibiting the licensing of the traffic in intoxicating liquors and under a provision requiring the licensing of the traffic in intoxicating liquors, and the assessment has been levied and upheld by the courts in all the territory of the state regardless of the prohibition in certain subdivisions thereof, and now that the prohibition is by constitutional provision and extends throughout the state we see no reason for adopting a different policy, since the very provision of the constitution which prohibits the sale and manufacture for sale of intoxicating liquors as a beverage expressly con *463 fers upon the general assembly the power to enact laws to make such prohibition effective.
It is, argued by counsel for plaintiff in error that the levying of the asesssment in the instant case amounts to punishing the plaintiff in error twice for the same offense. The same argument could have been and doubtless was urged in the cases heretofore considered by this court, and does not seem to have been persuasive, probably for the reason that the levying of the assessment has never been considered in the sense of a penalty, and is not dependent upon a conviction of the person upon whom the assessment is levied for violation of a penal law. It would have been entirely consistent in the instant case, had there been no charge filed against plaintiff in error, and no conviction had undefi such charge, if filed, for the auditor of Jefferson county, upon proper information, to have levied the assessment, and the fact that there was an affidavit filed and a conviction -had under such affidavit is pertinent to the assessment only in so far as it furnished the auditor with the information upon which he acted, which information might have been furnished as effectively without the filing of such affidavit. In other words, the levying of the assessment is not in the nature of a penalty for the violation of a criminal statute, but is a burden which the legislature has charged upon the business of trafficking in intoxicating liquors, and has primarily for its purpose the limiting so far as possible the number of persons engaged in such business, and is upon the theory that the business of trafficking in intox *464 icating liquors requires extraordinary attention of the administrative branch of the government and ought therefore to pay an assessment in proportion to such extraordinary attention.
The other question as to the period for which the assessment should have been made is of minor importance and seems to be answered by the provision of Section 6073, General Code: “When such business is commenced after the fourth Monday in May of any year, such assessment shall be proportionate in amount to the remainder of t'he assessment year, except that it shall not be less than two hundred dollars, and such assessment shall attach and operate as a lien as provided in the next preceding section and be payable upon the date of such commencement.” Had the auditor apportioned the assessment for a longer period, to-wit, from August 12, 1919, to the fourth Monday of May, 1920, upon the facts as they appear in the agreed statement of facts in the record we would have been obliged to uphold such assessment, and indeed are at a loss to know why he apportioned such assessment from the 26th day of October, 1919, instead of the 12th day of August, 1919, but this being an action to enjoin the assessment and not an action to require the levying of an assessment we are not disposed to disturb the action of the auditor in that respect.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Jones and Matthias, JJ., concur.