PORTERA *v.* McLEMORE, et al.

Mar. 17, 1952.

No. 38277 (57 So. (2d) 482)

**B. H. Loving** and **Frank A. Critz,** for appellant.

J. H. **Sumrall**, for appellees.

664

### Hall, J.

This appeal presents the question whether a person engaged in business as defined by our Sales Tax Law, Section 10104 et seq., Code of 1942, is liable for 2% retail sales tax on illegal sales of intoxicating liquor.

Appellant is engaged in business as defined in said statute and in addition to his legal sales, for which he reported and paid the 2% tax, he is also engaged in the illegal sale of intoxicating liquor. He did not report and pay the tax on his illegal sales. The State Tax Commission, from the best information available, assessed appellant with such tax in accordance with Section 10120, Code of 1942. Appellant did not pursue the remedy provided by Section 10122, Code of 1942, for a hearing on the matter, but filed a bill of complaint in the chancery court against the sheriff of Clay County and the Chairman of the State Tax Commission seeking to enjoin the collection of the tax levied by the commission. The chancellor then acting in that district granted an injunction as prayed for without notice in direct violation of the provisions of the last mentioned section of the Code. A motion to dissolve the injunction was sustained by a succeeding chancellor and a judgment on the injunction bond was rendered for the amount of the tax with interest and damages. This appeal is from that decree.

Appellant contends that the state sales tax cannot be collected on any illegal transaction. ██ Our sales tax law makes no distinction between legal transactions and

those that are illegal. A merchant may open his store
and sell his goods on Sunday in violation of law but
it could hardly be successfully contended that such sales
are not subject to taxation as are sales made on all other
days of the week. The State has the right to exact a tax
on illegal transactions. For instance, usury is prohibited
by Section 36, Code of 1942, and yet the State levies a
privilege tax on all money lenders charging a greater
rate of interest than 20% per annum, Section 9574.

In 30 Am. Jur. p. 340, Intoxicating Liquors, Sec. 165,
it is said: "Further, a dealer who sells liquor in a pro-
hibited area cannot successfully combat an attempt to
exact a privilege tax imposed by general statute on the
business of selling liquor, on the theory that the statute
does not apply to places where selling is prohibited and
made an offense."

In Gooderham & Worts, Ltd. v. Collins, 59 Cal. App.
(2d) 309, 138 P. (2d) 785, 787, the court said: "But
the determination of the present appeal in no way
depends upon the question of whether the sales were
lawful or unlawful, for it is well settled that ' * * * the
state may collect the tax on sales which are unlawful—
i. e., made to non-licensees, as well as on lawful sales
made to licensees. * * * the tax was due on all non-
exempt sales, and that applies to illegal as well as to legal
sales.' "

In State v. White, 115 La. 779, 40 So. 44, 45, the Su-
preme Court of Louisiana said that defendant's argument
"is bottomed on the circumstance that the defendant
during the years in question had no permit from the city
council to retail intoxicating liquors. It is true that the
city ordinance requires such a permit, but it does not
follow that the defendant's violation of the ordinance has
exempted her from the operation of the general license
laws of the state."

In Foster v. Speed, 120 Tenn. 470, 111 S. W. 925, 22
L. R. A., N. S., 949, 15 Ann. Cas. 1066, the Supreme Court
of Tennessee said: "Plaintiff's contention is that the

statute making the sale of liquor a privilege, and imposing a tax upon those exercising the privilege, does not apply to places where the business is prohibited and made a misdemeanor; in other words, that the Legislature did not intend to license and tax a business which could not be conducted lawfully.'' The court then quoted the Tennessee statute with reference to the tax on retail liquor dealers, and said ''It covers the whole state and all sales, whether legal or illegal. * * * The courts of last resort in a number of states have held that the fact that a business was prohibited, and license could not be obtained authorizing it, was no defense to an action to collect the tax imposed from one engaged in such business. Welsh v. State, 126 Ind. 71, 25 N. E. 883, 9 L. R. A. 664; State v. Funk, 27 Minn. 318, 7 N. W. 359; State v. Doon, R. M. Charlt. (Ga.) 1; State v. Hipp, 38 Ohio St. 199; Butzman v. Whitbeck, 42 Ohio St. 223; State v. Tucker, 45 Ark. 55; State v. Brown, 41 La. Ann. 771, 6 So. 638.''

See also Carpenter v. State, 120 Tenn. 586, 113 S. W. 1042; Stevenson v. Hunter, 2 Ohio N. P. 300; License Tax Cases, 5 Wall. 462, 18 L. Ed. 497; Annotations in L. R. A. 1915C, 101, and 118 A. L. R. 828.

■■ It follows that the decree appealed from should be affirmed. However, through apparent inadvertence the decree authorizes a recovery of the taxes by A. H. Stone individually and the same will be modified to the extent of adjudicating the recovery in favor of A. H. Stone in his capacity as Chairman of the State Tax Commission.

Affirmed as modified.

**McGehee, C. J.,** and **Lee, Arrington** and **Ethridge, JJ.,** concur.